F I L E D
United States Court of Appeals
Tenth Circuit

JAN 6 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RICHARD LEE CAGLE,

Petitioner - Appellant,

v.

RITA MAXWELL, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents - Appellees.

No. 97-7131

(E.D. Oklahoma)

(D.C. No. 96-CV-657-B)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Richard Lee Cagle, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Cagle also seeks leave to appeal in forma pauperis. We grant leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal.

State court records indicate that, on September 22, 1994, Cagle pled nolo contendere to (1) unlawful possession of controlled drugs with intent to distribute, and (2) trafficking in illegal drugs; he was sentenced to thirteen years' imprisonment. Supp. R. Vol. I, Doc. 5, Exh. A: Plea of Guilty: Summary of Facts. In this habeas petition, Cagle disputes the accuracy of the state record, asserting that he never intended to plead guilty to trafficking, and that, in fact, he was unaware that trafficking had been added to the plea agreement (allegedly after he signed it). He also contends that he received ineffective assistance of counsel when he entered into the agreement.

Although he did not directly appeal, Cagle initiated state court post-conviction proceedings, seeking to correct his plea and sentence. On October 12, 1995, the Wagoner County district court denied his petition, stating that the "record irrefutably contradicts the defendant's unsupported assertions in his post conviction relief application." Id., Doc. 5, Exh. A: Order Denying Application

for Post Conviction Relief.  Later, the Oklahoma Court of Criminal Appeals found his appeal to be untimely, and therefore declined jurisdiction.[1]  Id., Doc. 5, Exh. C.

Following the adverse state court decision, Cagle filed a § 2254 petition in federal court.  In his federal action, Cagle claimed that he discovered the actual extent of his plea and sentence only after the time for a direct appeal had passed, when he questioned why he was not receiving good time credits, and was told that such credits were not available for prisoners who had been convicted of trafficking in drugs.  R. Vol. I, Doc. 6, Affidavit.  The state then filed a motion to dismiss and a supporting brief which argued that the claims presented in Cagle's petition should be dismissed as procedurally defaulted.  Supp. R. Vol. I, Doc. 5.  Cagle responded, claiming that his failure to exhaust was excusable, and that he had demonstrated cause, prejudice and fundamental miscarriage of justice.  Although it construed Cagle's arguments liberally, the district court was not persuaded, and it dismissed Cagle's petition.

---

[1]We observe that the statement of facts which Cagle presented to the Oklahoma state court is inconsistent with the facts he presents in this federal habeas action.  In his state post-conviction pleadings, Cagle stated that he discovered the mistake at the time that the judge read the plea.  Supp. R. Vol. I, Doc. 5, Exh. B, Attached Petition in Error at 1-2 & Brief in Support at 3. According to his state court petition in error and supporting brief, he immediately sought to withdraw the plea, which request was denied; following the denial, Cagle unequivocally asked his counsel to appeal, and in fact he believed that the appeal would be forthcoming.  Id.

On appeal, Cagle again contends that his petition is not procedurally barred. We disagree. "On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)).

After thoroughly reviewing the record, we agree with the district court's conclusions, both that Cagle's conclusory allegations do not overcome or cast doubt upon the record as presented, and that Cagle has failed to show cause and prejudice, or a miscarriage of justice so as to overcome the state procedural bar.[2] Therefore, we conclude that Cagle has failed to make a substantial showing of the denial of a constitutional right.

---

[2]We also note that Cagle's arguments address only his failure to make a direct appeal. However, the state district court ruled on the merits of Cagle's claim for post-conviction relief, and Cagle has made no showing concerning his failure to properly appeal that ruling.

We GRANT Cagle's application to proceed in forma pauperis. However, because he has failed to make a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability, and DISMISS his appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge