**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFERY DEAN MOORE,

      Petitioner-Appellant,

v.

DAYTON J. POPPELL,

      Respondent-Appellee.

No. 99-6395
(D.C. No. CIV-99-109-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Jeffery Dean Moore, appearing pro se, appeals the denial of his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. He seeks a certificate of appealability and leave to proceed in forma pauperis.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Moore was convicted in state court for possessing cocaine, methylphenidate, and a firearm, all after former conviction of a felony, and for possessing marijuana. He was found guilty by a jury and sentenced to lengthy terms of imprisonment. After exhausting his state remedies he filed a petition for habeas corpus in federal district court. A magistrate judge considered his claims and recommended that the petition be denied. The district court adopted the recommendation and denied the petition, also denying Mr. Moore's request to proceed in forma pauperis.[1] This action followed.

In order to proceed in forma pauperis on appeal, petitioner "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991). We conclude he has made this showing and grant him leave to so proceed. In order to obtain a certificate of appealability, Mr. Moore must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c) (2). For the reasons set out below, we conclude he has not made this showing.

Although Mr. Moore raised other issues in the district court, he now argues only that (1) he was denied effective assistance of counsel at trial because his

---

[1]Mr. Moore also requested a certificate of appealability. Because the court did not act on the issue, the certificate is deemed denied.

-2-

attorney failed to move to have an allegedly biased juror removed, and (2) his appellate counsel was ineffective in failing to raise this issue on direct appeal in state court. He further asserts he should have been granted an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Because the state courts did not address the issue[2] and the federal district court made its own determination, we review the district court's conclusions of law in denying habeas corpus relief de novo. *See LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999).

This claim stems from the appearance on the jury of Paula Williams, who Mr. Moore claims was biased against him because they had once been in a physical altercation. The record indicates Ms. Williams did not acknowledge during voir dire that she knew Mr. Moore. It was not until the trial had begun that Ms. Williams informed the prosecutor she knew Mr. Moore. The court correctly held an in camera hearing during which it asked Ms. Williams whether she could be fair and impartial, and she stated she could.

---

[2]In state post-conviction proceedings, neither the state district court nor the Oklahoma Court of Criminal Appeals addressed the issue of ineffectiveness of trial counsel, considering the matter procedurally barred because it had not been raised on direct appeal. Mr. Moore is correct in arguing that his claim could not be resolved on the trial record alone, and therefore should not have been procedurally barred. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998) (ineffective assistance claim will only be barred if (1) trial and appellate counsel differ, and (2) the ineffectiveness claim can be resolved upon the trial record alone); *Brecheen v. Reynolds*, 41 F.3d 1343, 1363-64 (10th Cir. 1994) (ineffective assistance of trial counsel claims can be raised for the first time collaterally).

Mr. Moore contends his trial attorney was ineffective in failing to move to have Ms. Williams removed from the jury. An ineffective assistance of counsel claim is governed by the familiar standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a successful ineffective assistance of counsel claim, petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance was prejudicial to his defense. *See id.* at 688, 692. The first prong requires Mr. Moore to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and sound trial strategy in the context of his case. *See Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000)*; Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998).

Once the jury was impaneled and the trial had begun, it would have been difficult to remove a juror who professed to the court an ability to remain impartial. Mr. Moore's attorney likely recognized that, by trying to do so, he risked angering and alienating Ms. Williams, which could have proven disasterous had the trial judge refused to remove her. Had Mr. Moore's attorney made the allegations about Ms. Williams' supposed bias at that late date, the trial judge might well have been skeptical, wondering why the issue had not been raised

earlier.[3] The decision of Mr. Moore's attorney not to challenge Ms. Williams, given the unusual circumstances, appears to have been based on trial strategy which we will not second-guess.

Because we conclude Mr. Moore's trial counsel was not unreasonable in failing to move to have Ms. Williams removed from the jury under the circumstances presented here, we need not address the second *Strickland* prong. We conclude similarly that Mr. Moore's appellate counsel was not ineffective for failing to raise the issue on direct appeal. *See Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999). The district court did not err in denying Mr. Moore an evidentiary hearing because he does not meet the requirements of 28 U.S.C. § 2254 (e) (2). *See Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000).

For the foregoing reasons, we **DENY** Mr. Moore's application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3]Indeed, we are left to wonder the same. There is no indication in the record that Mr. Moore said anything to his attorney during voir dire about Ms. Williams, at which time she could have been removed easily. It appears that he only informed his attorney of Ms. Williams's alleged bias after she told the prosecutor she was acquainted with Mr. Moore.