**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EARNEST WILLIAMSON, JR.,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

No. 99-6434

(D.C. No. 96-CV-1350-L)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

---

     Petitioner Earnest Williamson, Jr., proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition and denied Petitioner's application for a certificate of appealability, noting that Petitioner had failed to make a substantial showing of the denial of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

constitutional right, see 28 U.S.C. § 2253(c)(2). We deny Petitioner's application for a certificate of appealability as well and dismiss his appeal.

Petitioner was convicted in February 1990 in the District Court of Comanche County, Oklahoma of second degree murder after former conviction of two or more felonies. The trial court sentenced him to 55 years imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) summarily affirmed his conviction. Williamson v. State, No. F 90-869 (Okla. Crim. App. Feb. 10, 1994) (unpublished). Petitioner subsequently filed a petition for state post-conviction relief alleging, among other things, ineffective assistance of trial and appellate counsel. The trial court denied the petition, observing that Petitioner procedurally defaulted on his ineffective assistance of trial counsel claims by failing to raise them on direct appeal. The OCCA again affirmed. Williamson v. State, No. PC 96-771 (Okla. Crim. App. July 29, 1996) (unpublished).

Petitioner filed a § 2254 petition in federal district court raising the following 13 claims: (1) the trial court erred in not ordering a competency hearing, (2) the prosecutor committed misconduct by asking questions about Petitioner's plea bargain, (3) the prosecutor committed misconduct by asking questions about prior convictions, (4) the trial court erred by basing a sentencing enhancement on a conviction in which Petitioner had no counsel, (5) Petitioner received ineffective assistance of trial counsel because counsel deprived Petitioner of his right to a presumption of innocence, (6) Petitioner received

ineffective assistance of appellate counsel due to failure to raise important matters on direct appeal, (7) trial counsel rendered ineffective assistance because counsel failed to investigate Petitioner's mental disturbance and suicide attempt, (8) Petitioner received ineffective assistance of trial counsel because counsel failed to investigate a voluntary intoxication defense, (9) Petitioner's trial counsel was ineffective because counsel failed to request a limiting instruction regarding evidence of other crimes, (10) Petitioner received ineffective assistance of trial counsel because counsel questioned Petitioner regarding other crimes, (11) trial counsel rendered ineffective assistance because counsel failed to investigate or object to the admission of prior convictions, (12) Petitioner received ineffective assistance of appellate counsel because counsel failed to raise the issue of "Petitioner's demur/direct verdict" on direct appeal, and (13) the trial court erred by failing to order the production of documents and the transcript.

A magistrate judge recommended denial of claims (1) through (4) of the petition because Petitioner raised those claims on direct appeal and the state court's adjudication did not result "in a decision that was clearly contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). [1]

---

[1] Because the OCCA rendered a summary opinion in Petitioner's direct appeal, the magistrate conducted an independent determination of whether the state court's decision ran afoul of Supreme Court precedent. Cf. Williams v. Taylor, 120 S. Ct. 1495, 1510-11 (2000) (noting that § 2254(d)(1) does not

(continued...)

On the same grounds, the magistrate judge recommended denial of claims (5) and (6), regarding ineffective assistance of appellate counsel, which Petitioner raised in his state post-conviction proceeding.

Regarding claims (7) through (12), which Petitioner could have but failed to raise on direct appeal, the magistrate judge recommended that the claims be denied as procedurally barred on an independent and adequate state ground.        See English v. Cody  , 146 F.3d 1257, 1259 (10th Cir. 1998).  The record shows Petitioner had different counsel at trial and on appeal, and the claims may fairly be resolved on the record without additional fact finding.        See id. at 1264.  In addition, the record does not show cause and prejudice or a fundamental miscarriage of justice.    See id.  Finally, the magistrate judge noted that claim (13) failed to allege a violation of a constitutional right.  The district court adopted the magistrate judge's report and recommendation.

On appeal, Petitioner raises the following claims:  (1) the district court misapplied Oklahoma's procedural bar rule, (2) appellate counsel rendered ineffective assistance by failing to raise important issues on direct appeal, (3) Petitioner received ineffective assistance of trial counsel because counsel conducted direct examination of Petitioner regarding his other crimes, (4)

---

[1](...continued)
contemplate that federal judges defer to state court interpretations of federal law).

Petitioner's trial counsel was ineffective because counsel failed to request a limiting instruction regarding evidence of other crimes, (5) the prosecutor committed misconduct by introducing false information about other crimes and an alleged plea bargain, (6) the prosecutor committed misconduct by cross-examining petitioner regarding other crimes, and (7) Petitioner received ineffective assistance of trial counsel because counsel failed to investigate the other crimes. Construed liberally, Petitioner's brief raises issues (2), (3), and (5) through (12) from his petition before the district court.

A petitioner may appeal the denial of a § 2254 petition only "if a circuit judge or justice" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). We have thoroughly reviewed the record on appeal, Petitioner's brief, the magistrate judge's report and recommendation, and the district court's order. We deny Petitioner's application for a certificate of appealability for substantially the reasons set forth in the magistrate judge's report and recommendation.


MOTION DENIED; APPEAL DISMISSED.

Entered for the Court,


-5-

Bobby R. Baldock
Circuit Judge