**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

GREGORY DALE ENGLISH,

      Petitioner-Appellee,

v.

R. MICHAEL CODY, Warden,

      Respondent-Appellant.

No. 97-5004
(D.C. No. 95-C-753-B)
(N.D. Oklahoma)

---

LAVEITA OSBORN OGDEN,

      Petitioner-Appellee,

v.

NEVILLE MASSEY,

      Respondent-Appellant.

No. 97-5132
(D.C. No. 95-CV-957-H)
(N.D. Oklahoma)

---

### APPEALS FROM THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA
### (D.C. Nos. 95-C-753-B and 95-CV-957-H)

---

Patrick T. Crawley, Assistant Attorney General (W.A. Drew Edmondson, Attorney General of Oklahoma, and Diane L. Slayton, Assistant Attorney General, with him on the briefs), Oklahoma City, Oklahoma, for Respondents-Appellants R. Michael Cody, Warden, and Neville Massey.

Michael A. Abel, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, and Julia O'Connell, Assistant Federal Public Defender, on the brief), Tulsa, Oklahoma, for Petitioner-Appellee Gregory Dale English.

Tony R. Burns, Anadarko, Oklahoma, for Petitioner-Appellee Laveita Osborn Ogden.

---

Before **SEYMOUR**, Chief Judge, **LOGAN** and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. INTRODUCTION

Gregory D. English and Laveita O. Ogden ("Petitioners") brought separate habeas corpus petitions pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. Petitioners each argued, *inter alia*, that they were being detained in violation of the Constitution because they had been denied the effective assistance of counsel at trial. Wardens R. Michael Cody and Neville Massey ("Respondents") moved the district court in each proceeding to deny the petitions on the grounds of procedural bar. According to Respondents, Petitioners defaulted their ineffective assistance of trial counsel claims when they failed to raise them on direct appeal to the Oklahoma Court of Criminal Appeals. Relying on this court's decision in *Brecheen v. Reynolds*, 41 F.3d 1343, 1363-64 (10th Cir. 1994), the district court judges in each case

- 2 -

concluded Petitioners' claims of ineffective assistance of trial counsel were not procedurally barred.

Respondents sought permission pursuant to 28 U.S.C. § 1292(b) to bring interlocutory appeals of the district court orders. The district court in each case entered a § 1292(b) order and we allowed both appeals.[1] These cases require this court to once again consider whether federal courts must respect an Oklahoma procedural bar which precludes review of claims of ineffective assistance of trial counsel not raised on direct appeal.

## II. BACKGROUND

On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993). A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the

---

[1]We reject English's argument that we lack jurisdiction in his case because Cody failed to timely appeal after the district court's first grant of the § 1292(b) motion. As acknowledged in English's brief, Cody requested and received from the district court an order reentering the § 1292(b) order, after which we granted Cody's motion for permission to appeal. We therefore hold that we have jurisdiction to hear the appeal.

decision. *See Klein v. Neal*, 45 F.3d 1395, 1398-99 (10th Cir. 1995). The question of whether a state procedural bar is adequate is generally more difficult than the question of independence. *See Steele*, 11 F.3d at 1522. As a general rule, this court has concluded that in order to be adequate, a state rule of procedural default must be applied evenhandedly in the vast majority of cases. *See, e.g.*, *Maes v. Thomas*, 46 F.3d 979, 985-86 (10th Cir. 1995). Because the effective assistance of counsel lies at the very foundation of the adversary system of criminal justice, this court has been particularly vigilant in scrutinizing the adequacy of state rules of procedural default which have the effect of barring federal habeas review of claims of ineffective assistance of counsel. *See, e.g.*, *Jackson v. Shanks*, No. 97-2063, 1998 WL 220089, at *4 (10th Cir. May 5, 1998); *Brecheen*, 41 F.3d at 1363-64; *Osborn v. Shillinger*, 861 F.2d 612, 622-23 (10th Cir. 1988).

In *Brecheen*, this court found inadequate the Oklahoma procedural requirement that all ineffective assistance of trial counsel claims be raised on direct appeal or forfeited.[2] *See* 41 F.3d at 1363-64. *Brecheen* recognized this

_____

[2]The court further concluded the Oklahoma procedural bar was independent because it was based on a state rule of waiver, not on federal law. *See Brecheen v. Reynolds*, 41 F.3d 1343, 1363 (10th Cir. 1994). Although Oklahoma asks this court to revisit the conclusion that its procedural bar on ineffective assistance of trial counsel claims is not adequate, neither party questions the conclusion that the Oklahoma bar is independent. Accordingly, the independence of that bar is not at issue in this appeal.

result conflicted with the general procedural bar rule that "failure to raise a claim at trial or on direct appeal will preclude federal habeas corpus of the merits of the claim," but concluded that when the underlying claim is ineffective assistance of counsel, "the 'general' rule must give way because of countervailing concerns unique to ineffective assistance." *Id.* at 1363.

The *Brecheen* conclusion that Oklahoma's bar is inadequate was based primarily on the Supreme Court's decision in *Kimmelman v. Morrison*, 477 U.S. 365 (1986), and this court's decision in *Osborn v. Shillinger*, 861 F.2d 612 (10th Cir. 1988). In *Kimmelman* the Supreme Court set forth reasons why ineffective assistance of counsel claims should be treated differently from other habeas claims in considering procedural bar questions:

> Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case. Indeed, an accused will often not realize that he has a meritorious ineffectiveness claim until he begins collateral review proceedings, particularly if he retained trial counsel on direct appeal. . . . Thus, we cannot say . . . that restriction of federal habeas review would not severely interfere with the protection of the constitutional right asserted by the habeas petitioner.

477 U.S. at 378 (citation omitted). In *Osborn*, a habeas case out of Wyoming, this court cited *Kimmelman* for the proposition that a state habeas petitioner was not barred from raising an ineffective assistance of counsel claim in his federal habeas petition even though he failed to raise that claim on direct appeal. *See* 861 F.2d at 622-23. *Osborn* indicated that this result was dictated by the interplay of two factors: (1) the general need for additional fact-finding for the proper resolution of a claim of ineffective assistance; and (2) the need to allow a petitioner to consult with different counsel on appeal in order to obtain an objective assessment of trial counsel's performance. *See id.* at 623.

Based on this precedent, the *Brecheen* court concluded that the "need to give a meaningful opportunity to assess and develop a claim of ineffective assistance of counsel, coupled with the fact that such claims may require an opportunity to develop additional facts, compel the conclusion that 'ineffective assistance claims may be brought for the first time collaterally.'" 41 F.3d at 1363-64 (quoting *Osborn*, 861 F.2d at 622) (footnote omitted); *see also Jackson*, 1998 WL 220089, at *4. After noting that "evidentiary hearings are unavailable at the appellate level," the *Brecheen* court concluded the Oklahoma procedural bar on ineffective assistance of trial counsel claims not raised on direct appeal was inadequate because it denied defendants meaningful review of their ineffective assistance claims. 41 F.3d at 1364. According to the court,

> The practical effect of [Oklahoma's procedural bar] is to force [petitioner] either to raise this claim on direct appeal, with new counsel but without the benefit of additional fact-finding, or have the claim forfeited under state law. This Hobson's choice cannot constitute an adequate state ground under the controlling case law because it deprives [petitioner] of any meaningful review of his ineffective assistance claim.

*Id.*

Although *Brecheen* appears definitive, Respondents assert that its foundation is built on a faulty premise: a perceived inability of habeas petitioners to develop factual issues on a direct appeal to the Oklahoma Court of Criminal Appeals. They point out that in contrast to the assertion in *Brecheen*, evidentiary hearings are available as part of the direct appeal process in Oklahoma. As support for this assertion, Respondents point to *Berget v. State*, 907 P.2d 1078 (Okla. Crim. App. 1995), which criticized the *Brecheen* opinion and stated that Oklahoma does in fact have a mechanism for additional fact-finding in a direct appeal. In *Berget*, the Oklahoma Court of Criminal Appeals noted that although it was not a fact-finding court, an Oklahoma rule of criminal procedure existed under which it could remand disputed issues to the trial courts for evidentiary hearings in appropriate cases. *See id.* at 1084 ("Review via an evidentiary hearing is not unavailable, it is simply conducted at the trial court level.").

Respondents argue that *Berget* constitutes a definitive statement of the law of Oklahoma which must be respected by this court. *See Garner v. Louisiana*,

368 U.S. 157, 166 (1961) (holding federal courts are bound by a state's interpretation of its own laws and cannot substitute their judgment for that of the state). Respondents then argue that in light of the availability of evidentiary hearings on direct appeal, *Brecheen* was decided incorrectly and this court should repudiate the view that Oklahoma's procedural bar to the review of ineffective assistance claims not raised on direct appeal is inadequate. Finally, Respondents argue that even if this court were to reaffirm *Brecheen*, the procedural bar should apply in cases such as this where each Petitioner was represented by new counsel on direct appeal and their claims of ineffective assistance do not touch on matters outside of the appellate record.

In response, Petitioners argue that *Kimmelman*, *Osborn*, and *Brecheen* constitutionally mandate their entitlement to bring their claims of ineffective assistance on collateral review, no matter the availability of procedures to adequately address the issue on direct appeal. In the alternative, Petitioners argue that even if Oklahoma could develop a system which properly obligated appellants to raise ineffective assistance issues on direct appeal, the current system is inadequate because it does not fully and fairly address the concerns identified in *Brecheen*. Finally, Petitioners argue the *Brecheen* rule applies regardless of whether the claim of ineffectiveness relates to matters within or outside the record on direct appeal.

### III. ANALYSIS

The necessary starting point is Petitioners' contentions that claims of ineffective assistance of trial counsel can be raised on federal habeas review regardless of the adequacy of the state scheme for addressing those issues on direct appeal. Petitioners cite *Kimmelman*, *Osborn*, and *Brecheen* in support of that contention. A careful review of those cases, however, leads to the conclusion that they do not establish the rigid rule advocated by the Petitioners. Instead, these cases simply reflect the constitutional imperative that this court disregard a state procedural bar for the review of ineffective assistance claims unless the state procedure in question adequately protects a criminal defendant's ability to vindicate his or her constitutional right to the effective assistance of counsel.

In *Kimmelman*, the Supreme Court recognized that in order for a criminal defendant to adequately vindicate his Sixth Amendment right to the effective assistance of counsel at trial, he must be allowed to obtain an objective assessment of trial counsel's performance and must be allowed to adequately develop the factual basis for any claim of ineffectiveness. *See* 477 U.S. at 378; *see also Osborn*, 861 F.2d at 622-23 (interpreting *Kimmelman* as embodying these two constitutional imperatives). Although *Kimmelman* noted that restricting litigation of ineffectiveness claims to direct appeal would generally not

adequately vindicate the two imperatives set out above, that conclusion is based on the Court's recognition that trial counsel are often retained to prosecute a direct appeal and that appellate courts are not generally equipped to make the kind of fact-findings necessary to adequately develop a claim of ineffectiveness. *See* 477 U.S. at 378 & n.3. That recognition cannot be reasonably read, however, as rigidly foreclosing Oklahoma from developing a system of handling ineffective assistance claims on direct appeal which embodies the imperatives set out in *Kimmelman*.

Nor can this court's cases be read for such a proposition. In *Osborn*, the seminal Tenth Circuit case on this issue, this court recognized the imperatives set out in *Kimmelman* and indicated that it would not apply a Wyoming procedural bar "[w]here, as here, an ineffectiveness claim cannot be made on the basis of the [direct appeal] record and the allegedly ineffective counsel handled both the trial level proceedings and the direct appeal." 861 F.2d at 623. Likewise, it is clear that the decision in *Brecheen* not to recognize the Oklahoma procedural bar was driven by this court's belief that there was no adequate mechanism in the Oklahoma direct appeal process for an evidentiary hearing on ineffectiveness claims. *See* 41 F.3d at 1364 ("The practical effect of [Oklahoma's procedural bar] is to force [petitioner] either to raise this claim on direct appeal, with new counsel but without the benefit of additional fact-finding, or have the claim

forfeited under state law."). To the extent that a system requiring that criminal defendants raise ineffectiveness claims on direct appeal complies with the *Kimmelman* imperatives, however, it is clear that this court will respect the procedural bar when a petitioner fails to comply with that system. *See Jackson*, 1998 WL 220089, at *4 ("Absent the opportunity to consult with new counsel to ascertain whether counsel in his direct criminal proceedings performed adequately or develop facts relating to his counsel's performance, the state's imposition of a procedural bar 'deprives [petitioner] of any meaningful review of his ineffective assistance claim.'" (alteration in original) (quoting *Brecheen*, 41 F.3d at 1364)).

This court's decision in *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995) (in banc), does not mandate a different result. In *Galloway*, a 28 U.S.C. § 2255 case,[3] this court held that claims of ineffective assistance should be brought for the first time on collateral review and that "[n]o procedural bar [would] apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead." *Id.* at 1242. *Galloway* reflects a pragmatic decision based on two equally important considerations. First, although not impossible, it is impractical to comply with the *Kimmelman*

---

[3]While § 2254 is the federal habeas corpus statute governing collateral attacks by persons in state custody on the grounds that their sentence was imposed in violation of the Constitution, § 2255 is an analog provision which establishes similar collateral proceedings for individuals in the custody of the United States. *Compare* 28 U.S.C. § 2254 *with* 28 U.S.C. § 2255.

imperatives in the direct appeal setting. *See id.* at 1240-41. Second, while

justified on the basis of encouraging finality of judgments, forcing criminal

defendants to raise ineffective assistance of trial counsel on direct appeal does

not, in fact, further that objective. As aptly noted in *Galloway*:

> The problem with these reasons, and procedural bar, is that they are absurdly easy to circumvent on the one hand, and painfully labor intensive to sort through and apply on the other. The usual tactic to force a second review is to claim in a post-conviction proceeding that appellate counsel was ineffective for failing to advance all possible reasons showing why trial counsel was ineffective, and that appellate counsel was ineffective for not raising other issues relating to trial and sentencing. Technically, this is a first-time claim of ineffectiveness which cannot be procedurally barred and which is not unitary with the claim of ineffectiveness of trial counsel advanced on direct appeal.

*Id.* at 1241; *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that

where a "procedural default is the result of ineffective assistance of counsel, the

Sixth Amendment itself requires that responsibility for the default be imputed to

the State").

While *Galloway* makes clear that forcing criminal defendants to raise

ineffective assistance claims on direct appeal is an impractical approach which

fails miserably at furthering the goal of finality of judgments, *Galloway*'s force is

limited as an exercise of this court's inherent authority to control its own docket

and its supervisory power over federal district courts in this Circuit. This court

has no such supervisory authority over Oklahoma courts. *See Harris v. Rivera*,

454 U.S. 339, 344-45 (1981) ("Federal judges have no general supervisory power over state trial judges; they may not require the observance of any special procedures except when necessary to assure compliance with the dictates of the Federal Constitution.").  To the extent that Oklahoma chooses to construct a system of addressing claims of ineffective assistance on direct appeal that complies with the *Kimmelman* imperatives, this court cannot ignore such a procedure merely because it will inevitably and necessarily suffer from the same systemic inefficiencies identified in *Galloway*.

Despite Petitioners' suggestion to the contrary, *Kimmelman*, *Osborn*, and *Brecheen* do not establish a rigid constitutional rule prohibiting Oklahoma from requiring the presentation of ineffective assistance of trial counsel claims on direct appeal.  Instead, those cases identify the importance of the Sixth Amendment right to counsel and mandate that no state procedure for resolving claims of ineffective assistance will serve as a procedural bar to federal habeas review of those claims unless the state procedures comply with the imperatives set forth in *Kimmelman*: (1) allowing petitioner an opportunity to consult with separate counsel on appeal in order to obtain an objective assessment of trial counsel's performance and (2) providing a procedural mechanism whereby a petitioner can adequately develop the factual basis of his claims of

ineffectiveness. *See Kimmelman*, 477 U.S. at 378 & n.3.; *Osborn*, 861 F.2d at 623; *Brecheen*, 41 F.3d at 1363-64.

The conclusion that Oklahoma can force criminal defendants to raise claims of ineffective assistance of trial counsel on direct appeal and comply with the *Kimmelman* imperatives does not, however, resolve this case. Regardless of the hypothetical propriety of such a system, Petitioners raise serious questions about the adequacy of the actual Oklahoma procedural mechanism. For example, although not determinative here, the Oklahoma Court of Criminal Appeals has recently held claims of ineffective assistance of trial counsel must be raised on direct appeal or waived even if trial and appellate counsel are the same. *See McCracken v. State*, 946 P.2d 672, 676 (Okla. Crim. App. 1997); *Neill v. State*, 943 P.2d 145, 148 (Okla. Crim. App. 1997). *Kimmelman*, *Osborn*, and *Brecheen* mandate, however, that this court never apply a state procedural bar when trial and appellate counsel are the same. *See Kimmelman*, 477 U.S. at 378; *Osborn*, 861 F.2d at 623; *Brecheen*, 41 F.3d at 1363-64.

Respondents rightfully point out, however, that because Petitioners each had independent appellate counsel, the first *Kimmelman* imperative is satisfied. In response, Petitioners argue that the Oklahoma procedural bar is not adequate because it does not comply with the second *Kimmelman* imperative: a sufficient procedural mechanism on direct appeal whereby defendants can adequately

develop the factual basis of their ineffective assistance claims. Specifically,

Petitioners contend (1) the rule which apparently grants the Oklahoma Court of

Criminal Appeals the power to remand a claim of ineffective assistance of trial

counsel to the trial court for additional factual development, Okla. Stat. Ann.

tit.22, ch. 18, app., Rules of the Court of Criminal Appeals, Rule 3.11 (hereinafter

"Rule 3.11"), has been amended frequently in the last decade;[4] (2) the remand

provisions of Rule 3.11[5] are far too narrow to adequately allow development of

ineffective assistance claims to comply with the second *Kimmelman* imperative;[6]

---

[4]Respondents never identify in their briefs the Oklahoma procedure that supposedly complies with the second *Kimmelman* imperative. The Oklahoma Court of Criminal Appeals relied on Rule 3.11 in concluding that *Brecheen* was based on a misunderstanding of the Oklahoma direct appeal system. *See Berget v. State*, 907 P.2d 1078, 1085 (Okla. Crim. App. 1995).

[5]As noted above, Rule 3.11 has been amended frequently over the last decade. As a result of Respondent's failure to identify the exact procedural mechanism which supposedly complies with *Kimmelman*, *see supra* note 4, it is also unclear which version of Rule 3.11 is applicable here. The issue is best left to the district court on remand.

[6]The version of Rule 3.11 as it existed before 1993 apparently allowed the Oklahoma Court of Criminal Appeals to remand for any purpose, and thus presumably would allow remand for a hearing on an ineffective assistance of counsel claim on direct appeal. The Rule, however, has been frequently amended and the current version allows a remand only under limited circumstances--when there is an alleged "failure of trial counsel to properly utilize available evidence or adequately investigate to identify evidence which could have been available during the course of the trial." Accordingly, Rule 3.11 seems to preclude hearings for ineffective assistance claims that do not involve trial evidence but which could require further hearings in order to make a determination. These would include, for example, conflicts of interest in the representation of one or more clients, *see Edens v. Hannigan*, 87 F.3d 1109, 1114-15 (10th Cir. 1996), and

(continued...)

(3) even if Rule 3.11 were sufficient to comply with the second *Kimmelman*

imperative, the Oklahoma Court of Criminal Appeals merely pays lip-service to

the Rule and never remands for factual development of ineffectiveness claims'[7]

---

[6](...continued)
failure to advise a defendant of his right to appeal, *see Baker v. Kaiser*, 929 F.2d 1495, 1499 (10th Cir. 1991).  Neither example would involve an evidentiary matter covered by Rule 3.11, but a further hearing would be needed to properly adjudicate the claim.

After *Berget*, the Oklahoma Court of Criminal Appeals did have a case in which the petitioner claimed ineffective assistance of trial counsel because of a conflict of interest due to joint representation of the petitioner and her co-defendant son.  *See Smith v. State*, 915 P.2d 927 (Okla. Crim. App.), *cert. denied*, 117 S. Ct. 400 (1996).  Without citing any rule, the court stated, "When the claim is ineffective assistance of counsel on issues outside the record, it may be raised collaterally."  *Id.* at 930.  *Smith* was a capital case, however, and in 1995 Oklahoma enacted new statutory rules applicable to capital cases which provided that the Court of Criminal Appeals could remand when a claim of ineffective assistance of counsel "requires factfinding outside the direct appeal record."  Okla. Stat. Ann. tit. 22, § 1089(D)(4)(b)(1).  In cases decided after *Smith* and the enactment of § 1089(D)(4)(b)(1), the Oklahoma Court of Criminal Appeals has narrowly construed that statute.  Thus, under this new line of cases, even information and documents outside the direct appeal record will not be considered in capital post-conviction proceedings if the information was available to defendant's attorney at the time of his direct appeal.  *See, e.g.*, *Walker v. State*, 933 P.2d 327, 332 (Okla. Crim. App.), *cert. denied*, 117 S. Ct. 2524 (1997).

[7]Respondents have cited only one instance in which the Oklahoma Court of Criminal Appeals has remanded an ineffective assistance claim for an evidentiary hearing.  *See Wilhoit v. State*, 816 P.2d 545, 546-47 (Okla. Crim. App. 1991) (after remand in direct appeal for evidentiary hearing, reversing, without citing Rule 3.11, because trial counsel was ineffective due to alcohol dependence).  Furthermore, although the cases at issue here are not capital cases, it is indicative of the adequacy of the Oklahoma system that in the 17 months since *Walker*, 933 P.2d at 332, was decided, the Oklahoma Court of Criminal appeals has entered decisions in no less than 24 postconviction capital cases raising ineffective assistance of trial counsel claims.  None were remanded for an evidentiary

(continued...)

and (4) the Oklahoma Court of Criminal Appeals generally resolves ineffective assistance claims in such a cursory manner that it is usually impossible to tell from the opinion whether additional fact-finding was necessary to adequately resolve the claim.

Although these allegations raise very grave concerns about the adequacy of the Oklahoma procedure for resolving ineffective assistance of trial counsel claims on direct appeal, resolution of that issue on this appeal would be premature. *Kimmelman*, *Osborn*, and *Brecheen* indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied. *See Maes*, 46 F.2d at 986. The most significant problem in these cases is that the records do not indicate whether they fall in the former category or the latter and this court is loath to reach out and decide the adequacy of the Oklahoma procedure if such a decision is not necessary to the resolution of this appeal.

Oklahoma asserts the claims of each Petitioner relate solely to matters that were within the direct appeal record and that no additional facts needed to be

_____

[7](...continued)
hearing; none of the appellants were granted any relief.

developed to resolve the claims of ineffectiveness. In response, English refuses to take a stand on whether his claims embrace matters outside of the record. He instead argues that the *Kimmelman* line of cases allow him to bring his claims even in the absence of a need to supplement the direct appeal record. Ogden asserts without elaboration that two of her claims do embrace matters outside of the record on direct appeal. Unfortunately, because of the procedural posture of these cases, we cannot determine whether Petitioners' claims required supplementation of the record on direct appeal or additional fact-finding.

In light of this status, we must remand for a determination of whether these claims embrace matters in the trial record or whether they require enlargement of that record or additional fact-finding. If, on remand, the district courts conclude that Petitioners' claims concern matters wholly manifest in the direct appeal record, the claims are procedurally barred. If, on the other hand, the district courts conclude that Petitioners' claims could only be adequately developed thorough supplementation of the record on appeal or additional fact-finding, the district courts should then consider whether the applicable Oklahoma remand procedure was adequate to serve that purpose. In so doing, the courts should consider the four bases of inadequacy alleged by Petitioners, *see supra* pages 15-17, and any other additional factor deemed pertinent. If the Oklahoma procedure

is found to be inadequate, the district courts should refuse to apply a procedural bar and address Petitioners' claims on the merits.

## IV. CONCLUSION

The judgments of the district courts refusing to apply a procedural bar to Petitioners' claims of ineffective assistance are hereby **VACATED**. The cases are **REMANDED** to the respective district courts for further proceedings consistent with this opinion.