**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY DEWAYNE BREWER,

      Petitioner - Appellant,

vs.

GARY GIBSON, Warden,

      Respondent - Appellee,

      and

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondent.

No. 00-7037
(D.C. No. 99-CV-67-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

    Mr. Brewer, an inmate appearing pro se, seeks to appeal from the district

court's denial of his habeas petition, 28 U.S.C. § 2254. He was convicted by a

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

jury of robbery by force and fear, kidnaping, and first degree rape, all after former conviction of two or more felonies. He was sentenced to 50, 100 and 300 years, respectively. His conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA); that court also affirmed the denial of post-conviction relief.

In his federal petition, Mr. Brewer argued ineffective assistance of counsel, denial of procedural due process and a fundamental miscarriage of justice. Upon recommendation of the magistrate judge, the district court denied the petition. On appeal, Mr. Brewer raises the same claims.

Mr. Brewer had different trial and appellate counsel and we agree with the State that the ineffectiveness claim raised in the petition concerning trial counsel does not require going beyond the record. See R. doc. 5 at 5. Accordingly, that claim is procedurally barred, and Mr. Brewer has not demonstrated cause and prejudice or a fundamental miscarriage of justice that would excuse that procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998); Okla. Stat. Ann., tit. 22 § 1086. The OCCA rejected Mr. Brewer's other claims, including (and in the context of ) ineffective assistance of appellate counsel, R. doc. 5, Ex. F, after applying Strickland v. Washington, 466 U.S. 668, 687 (1984), and we cannot conclude that its resolution was contrary to federal law. See 28 U.S.C.

§ 2254(d)(1) & (2); <u>Williams v. Taylor</u>, 120 S. Ct. 1479, 1522-23 (2000).

Because Mr. Brewer has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his application for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge