**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESSIE RAY LAWS,

      Petitioner - Appellant,

v.

BRENT FATKIN; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 02-6000
(D.C. No. 00-CV-1775-R)
(W. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

Pro se petitioner Jessie Ray Laws, an Oklahoma state prisoner, seeks a
certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge
the district court's dismissal of his petition for a writ of habeas corpus as
procedurally barred. We deny the application for a COA and dismiss.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Laws is imprisoned pursuant to various state drug convictions. These convictions were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Laws filed an application for post-conviction collateral relief, which the state district court denied on June 13, 2000. The OCCA determined that his appeal from that denial, which was filed July 17, 2000, was untimely under Rule 5.2(C)(2) of the Rules of the Court of Criminal Appeals, which states:

> A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. If the post conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court.

Okla. Stat. Ann. tit. 22, ch. 18, App. R. 5.2(C)(2). The OCCA therefore declined jurisdiction over the appeal.

In his federal application for a writ of habeas corpus, Laws contends that he received ineffective assistance of trial and appellate counsel in contravention of the Sixth Amendment.[1] The district court held that these claims, which were raised in Laws's post-conviction application, were procedurally defaulted. As we

---

[1] Laws also alleged before the district court that he was denied due process and equal protection during his state post-conviction proceedings and that he was unlawfully convicted without having had a preliminary hearing. Although the district court denied Laws's habeas application in toto, in his application for a COA Laws challenges only the dismissal of his ineffective-assistance-of-counsel claims.

have stated, federal courts on habeas review "do[] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 749–50 (1991)).

In Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002), we held that the OCCA's declination of jurisdiction based on Rule 5.2(C)(2) constitutes an independent and adequate state procedural ground. For substantially the same reasons articulated by the district court, we conclude that Law fails to demonstrate either cause and prejudice or a fundamental miscarriage of justice to overcome his procedural default.

Accordingly, upon our examination of the record, we **DENY** the application for a COA and **DISMISS** this matter. We **GRANT** Laws's motion to proceed in forma pauperis.[2]

---

[2] On July 15, 2002, Laws filed a "Verified Application for Leave to Amend Opening Brief." We deny this application. The proposed amendments to Laws's opening brief would not warrant a different disposition of this matter. Most importantly, his claim under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that any fact other than a prior conviction which increases the prescribed statutory maximum penalty must be submitted to a jury and proved beyond a reasonable doubt), would fail even if we considered it at this juncture because, contrary to Laws's characterization, Apprendi does not require the prosecution to come forward with "conclusive evidence . . . that [he] is guilty of any offense . . . ." (Applic. Leave Amend Opening Br. at 8 (emphasis added).)

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge