**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 5, 2005**

**FOR THE TENTH CIRCUIT**

JAMES DARREN MCDANIEL,

        Petitioner - Appellant,

v.

GARY WATKINS, Warden, Limon
Correctional Facility; COLORADO
ATTORNEY GENERAL,

        Respondents - Appellees.

No. 04-1105
(D.C. No. 03-B-611 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner James Darren McDaniel, a Colorado state prisoner proceeding *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

## Background

McDaniel spent the afternoon of September 10, 1996 drinking and playing pool with a friend and a woman they met at a bar. When the woman went to the restroom, he went out to the parking lot and got into the front seat of her car. When the woman got in her car to go home, he surprised her, grabbed her by the hair, threatened to kill her and ordered her to drive to the back of the bar and park. She did so. He then punched her, broke her nose and beat her unconscious. When the victim awoke later on the floor of the car and tried to get up, McDaniel forced her down and eventually opened the passenger door and slammed it shut so that her head was trapped between the door and the seat. McDaniel drove some distance, then raped and sexually assaulted the victim, while physically assaulting her and threatening her with violence and death. The victim was eventually able to force the car off the road. McDaniel fled the scene, and she flagged down help.[1]

---

[1] The magistrate judge's report and recommendation includes a more detailed description of the events giving rise to McDaniel's convictions, as well as a complete description of the procedural history of this case in Colorado state court and in the district court.

McDaniel was convicted after a jury trial of first degree kidnaping, two counts of first degree sexual assault, and first degree assault. He was sentenced in 1997 to life without parole for the kidnaping, thirty years for each sexual assault, and twenty years for the first degree assault conviction. His convictions were affirmed on direct appeal in 1999, and his petition for writ of certiorari to the Colorado Supreme Court was denied. McDaniel sought state post-conviction relief pursuant to Colo. R. Crim. P. 35(c) in February 2000. That Rule 35(c) motion was denied, and McDaniel did not appeal. In September 2000, McDaniel filed a state post-conviction challenge to his sentence under Colo. R. Crim. P. 35(a) and filed a second motion under Rule 35(c). The state court denied both motions as successive; the Colorado Court of Appeals affirmed; and the Colorado Supreme Court denied certiorari review.

McDaniel then filed his § 2254 petition in federal district court in April 2003. His petition, as amended, raised seven claims: (1) the trial court improperly denied his challenge "for cause" to two jurors, and denied him the opportunity to question a second pool of jurors after the first pool was exhausted; (2) the trial court violated his right to remain silent by allowing the State to introduce evidence and comment during closing argument on his post-arrest silence; (3) the evidence was insufficient to convict on first-degree kidnaping; (4) the state courts' denial of his post-conviction application as successive violated

his due process rights; (5) his due process rights were violated when sentence enhancements were not submitted to the jury for determination; (6) his life sentence without parole violated the Eighth Amendment; and (7) his due process rights were violated when the trial court imposed consecutive sentences based on his conviction for two or more crimes of violence.

In a detailed, fifty-three page report and recommendation, the magistrate judge concluded that McDaniel had not exhausted all of his claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (court generally may not grant habeas petition unless petitioner has exhausted remedies available in state court). She concluded that McDaniel had exhausted part of claim one (denial of two jurors for cause), and claims two and five, but had not exhausted the other part of claim one (denial of voir dire on second jury pool), or claims three, four, and six. Claim seven had not been exhausted, the magistrate judge reported, unless the claim was liberally construed as an ineffective-assistance-of-counsel claim.

Further, the magistrate judge concluded that claims three, four and seven would be procedurally barred in Colorado state court. McDaniel argued his counsel was ineffective in failing to raise claims three and seven in state court. The magistrate judge thoroughly analyzed each of the unexhausted claims and concluded that they lacked merit and, therefore, that counsel's failure to raise these claims was not constitutionally ineffective. She concluded that neither

-4-

cause nor the risk of a fundamental miscarriage of justice excused the procedural default of claims three, four and seven. *See English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (holding court will not generally consider issues defaulted in state court on an independent and adequate state procedural ground unless petitioner demonstrates "cause and prejudice or a fundamental miscarriage of justice"). Petitioner moved to withdraw his unexhausted claims and stay his exhausted claims, but the magistrate judge recommended the unexhausted claims either be dismissed with prejudice as procedurally defaulted or be dismissed on the merits. *See* 28 U.S.C. § 2254(b)(2) (establishing that federal courts may reach the merits of claims and deny relief even if the claims were not exhausted).

Next, the magistrate judge recommended the exhausted claims be dismissed on their merits, concluding after a comprehensive review that the state courts' resolution of these claims was not contrary to, and did not involve an unreasonable application of clearly established Supreme Court law. The magistrate judge also granted McDaniel's request to amend his habeas petition to include five additional claims: that (1) he was denied effective assistance of counsel on direct appeal; (2) the prosecution failed to disclose exculpatory evidence in violation of his due process rights; (3) the prosecution procured false testimony in violation of his due process rights; (4) the trial court denied his due process rights by refusing to allow certain cross-examination questions of the

victim; and (5) the prosecution failed timely to disclose an exculpatory witness statement. After a thorough review of these claims, the magistrate judge recommended these claims be dismissed on their merits as well.

After conducting a de novo review of the magistrate judge's report and recommendation and petitioner's objections thereto, the district court ruled that all of petitioner's claims could be dismissed on the merits. *See* 28 U.S.C. § 2254(b)(2). We granted a certificate of appealability on all claims.

### Standard of Review

"If a claim was adjudicated on the merits in state court, we review the state court ruling under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004), *cert. denied*, No. 04-9446, 2005 WL 754020 (U.S. June 6, 2005) (No. 04-9446). "Under AEDPA, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id*. (quoting 28 U.S.C. § 2254(d)(1)-(2)). "In conducting this inquiry, we presume the factual findings of the state trial and appellate courts are correct, and we place on the petitioner the burden of rebutting

this presumption by clear and convincing evidence." *Id*. at 1188 (citing 28 U.S.C. § 2254(e)(1)). "We review de novo the district court's legal analysis of the state court decision." *Id*. at 1189. If the state court did not decide a claim on its merits, a federal appellate court reviews the district court's legal conclusions regarding that claim de novo and its factual findings for clear error. *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).

## Analysis

McDaniel argues, for the first time on appeal, that he should have a constitutional right to the assistance of counsel to assist him in pursuing postconviction relief because Colorado procedural rules require him to assert claims of ineffective assistance of counsel in a post-conviction proceeding. It is well established that there is no constitutional right to counsel in state postconviction proceedings, *see, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987); *Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999), and Colorado encourages, but does not require, defendants to raise ineffective assistance of counsel claims in postconviction proceedings, *see,.e g., People v. Apodaca*, 998 P.2d 25, 29 (Colo. Ct. App. 1999).

As to the remaining arguments on appeal, we have reviewed the parties' arguments and appellate briefs, the very thorough report and recommendation by the magistrate judge, the district court record, the state court record, the

applicable law, and the district court's order, and we conclude, for substantially the reasons stated in the magistrate judge's report and recommendation, that McDaniel has not established his entitlement to habeas relief. We note that McDaniel based many of his claims on the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Since the date of the district court's order, the Supreme Court has confirmed the district court's ruling that *Apprendi* may not be applied retroactively to cases on habeas review. *See Schriro v. Summerlin*, 124 S.Ct. 2519, 2524-26 (2004); *United States v. McCullah*, __ F.3d.__, 2005 WL 1484674, at *12 (10th Cir. June 23, 2005).

The judgment of the district court is AFFIRMED. Appellant's motion to proceed in forma pauperis is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge