**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL O. WAFFORD,

Petitioner-Appellant,

v.

EDWARD EVANS, Warden,

Respondent-Appellee.

No. 06-6082

(W. D. Oklahoma)

(CIV-05-998-R)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Michael O. Wafford, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The magistrate judge's report and recommendation suggested dismissal of two of the ten claims because they were procedurally defaulted. It recommended denial of habeas relief on the remaining claims on grounds that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. The federal district court adopted the report and recommendation, denied the habeas petition, and denied Mr. Wafford's request to proceed *in forma pauperis* ("IFP"). Based substantially upon the reasons set forth in the magistrate judge's report and recommendation, we deny Mr. Wafford's request for a COA, deny his request to

proceed IFP, and dismiss this matter.

## I. BACKGROUND

In 2002, law enforcement officers in Oklahoma County, Oklahoma executed a search warrant at an apartment where an informant had previously made a controlled purchase of cocaine from Mr. Wafford. Inside the apartment, officers found Mr. Wafford, along with cocaine, marijuana, and a loaded revolver.

A state jury in Oklahoma County convicted Mr. Wafford of (1) trafficking in illegal drugs (cocaine), in violation of Okla. Stat. tit. 63 § 2-415; (2) possession of a firearm while committing a felony, in violation of Okla. Stat. tit. 21, § 1287; (3) possession of a controlled substance (marijuana) with intent to distribute, in violation of Okla. Stat. tit. 63, § 2-401; and (4) concealing stolen property, in violation of Okla. Stat. tit. 21, § 1713. Previously, Mr. Wafford had been convicted of a felony.

The state court sentenced him to consecutive terms of imprisonment of thirty years, ten years, five years, and five years, respectively. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the first three convictions and reversed the conviction for concealing stolen property. Mr. Wafford filed an application for post-conviction relief in state district court; the district court denied the application, and the OCCA affirmed.

Mr. Wafford subsequently raised ten claims in a federal § 2254 habeas petition: (1) he was denied effective assistance of trial counsel; (2) he was denied

effective assistance of appellate counsel based on appellate counsel's failure to raise a claim of ineffective assistance of trial counsel; (3) he was denied due process during sentencing because he did not knowingly stipulate to a prior conviction used to enhance his sentence; (4) trial evidence was insufficient to support the trafficking and possession convictions; (5) the state should not have "carve[d] two crimes from the presence of one gun," Rec. doc. 1, at 12; (6) an "evidentiary harpoon" deprived him of a fair trial, *id.* at 13; (7) the trial court admitted evidence that was more prejudicial than probative; (8) and (9) the trial court erred by admitting evidence of other crimes; and (10) cumulative errors denied him a fair trial.

## II. DISCUSSION

"[U]ntil a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals for habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Wafford may satisfy this showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or, if the ruling was procedural, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Miller-El*, 537 U.S. at 336.

3

The magistrate judge recommended that claims one (ineffective assistance of trial counsel) and three (denial of due process during the sentencing hearing) should be dismissed due to procedural default. The magistrate judge reasoned that Mr. Wafford had not raised these claims in his direct appeal, and the OCCA concluded in post-conviction review that he had procedurally defaulted on these claims.

We agree with the magistrate judge that the OCCA's procedural bar rule provided an independent and adequate basis not to reach the merits of either claim. As to these claims, Mr. Wafford's allegations may be adjudicated on the trial record, and Mr. Wafford had different counsel at trial and on direct appeal. *See English v. Cody*, 146 F.3d 1257, 1263 (10th Cir. 1998) (concluding that Oklahoma's procedural bar rule can preclude federal habeas review of a claim of ineffective assistance of trial counsel when (1) trial and appellate counsel differ, and (2) the trial record alone resolves the claim).

On habeas review, we will not review claims defaulted in state court on an independent and adequate state procedural ground absent a showing that: (1) a cause outside the control of the petitioner caused the default, and the petitioner has suffered prejudice, or (2) a fundamental miscarriage of justice would occur absent review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). We also agree with the magistrate judge that Mr. Wafford cannot establish cause for his procedural default on claims one and three, and that his appellate counsel was not

4

ineffective for failing to raise claims one and three on direct appeal. Mr. Wafford has not argued that fundamental miscarriage of justice would result. Therefore, claims one and three are barred from federal habeas review.

With respect to claim two, the OCCA rejected Mr. Wafford's ineffective-assistance-of-appellate-counsel claim, and he has failed under this claim to make a substantial showing of the denial of any constitutional right under *Strickland v. Washington*, 466 U.S. 668 (1984).

The OCCA rejected on the merits claims four through ten in Mr. Wafford's habeas petition. We therefore must determine whether the OCCA's adjudication of these claims was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the Untied States" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As to Mr. Wafford's fourth claim, that evidence was insufficient to sustain two convictions, we conclude that the OCCA reasonably held that there was sufficient evidence in the record for a rational jury to find the essential elements of the trafficking and weapons possession offenses beyond a reasonable doubt. For the fifth claim, Mr. Wafford maintains that the State should not have "carve[d] two crimes from one presence of a gun." Rec. doc 1, at 12. Mr. Wafford obtained relief on this claim in his direct appeal to the OCCA and

5

therefore cannot receive habeas relief now for the same claim.

As to the alleged evidentiary trial errors in claims six through nine, these alleged errors were not so "grossly prejudicial [that they] fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (internal quotation marks omitted). In light of the strong evidence support Mr. Wafford's guilt, the OCCA's rejection of these claims was reasonable. Moreover, Mr. Wafford has failed to make a substantial showing of the denial of a constitutional right. We similarly conclude that Mr. Wafford's tenth claim–cumulative error–does not satisfy the standard for granting a COA.

We have reviewed Mr. Wafford's request for a COA, the magistrate judge's report and recommendation, the district court's orders, and the record on appeal. For substantially the same reasons set forth by the magistrate judge, we conclude that Mr. Wafford is not entitled to a COA. The magistrate judge's report and recommendation reflects a careful analysis of the record and is supported by applicable law. Because jurists of reason would not find the district court's conclusions debatable, we DENY Mr. Wafford's request for a COA and DISMISS this matter. We also DENY his request to proceed IFP.

Entered for the Court,

Robert H. Henry
Circuit Judge

6