FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENNTH CIRCUIT**

DEBORAH FRANKS,

      Petitioner - Appellant,

v.

MILLICENT NEWTON-EMBRY,
Warden,

      Respondent - Appellee.

No. 10-6169
(D.C. No. 09-CV-00943-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.


Deborah Franks, an Oklahoma state inmate appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of her

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A COA is

jurisdictional and may issue only "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because

this showing is lacking, we deny a COA and dismiss the appeal.

Ms. Franks was convicted of the first-degree murder of her husband, Randy

Franks, and conspiracy to commit murder. During the trial Ms. Franks's co-

defendant, Joseph Scholz, testified that Ms. Franks conspired with Mr. Scholz to

kill Mr. Franks. 1 R. 428. Upon the jury's recommendation, she was sentenced to consecutive prison terms of life and ten years. Id. 427. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed her conviction and sentence. Id. 204.

Ms. Franks then sought post-conviction relief in state court. Id. 207. Included in her application was an affidavit of Mr. Scholz recanting his trial testimony. The trial court denied Ms. Franks's application. Id. 322. On appeal, the OCCA remanded for an evidentiary hearing concerning the veracity and materiality of the change in testimony. Id. 393. On remand, Mr. Scholz (upon advice of counsel) did not testify, and the state district court found the veracity of the allegations in the affidavit lacking. Id. 397. It also determined that the allegations would have been known and should have been previously raised. Id. The OCCA affirmed. Id. 432. Ms. Franks then filed a second post-conviction application in state court, which she voluntarily dismissed prior to filing her federal habeas petition pursuant to 28 U.S.C. § 2254. The magistrate judge recommended Ms. Franks's federal petition be denied. The district court considered in turn Ms. Franks's objections and adopted the magistrate judge's report and recommendation. Franks v. Newton-Embry, No. CIV-09-943, 2010 WL 2632022 (W.D. Okla. June 28, 2010).

A COA requires an applicant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

On appeal, Ms. Franks argues that her counsel was ineffective based upon incorrect jury instructions and an inadequate investigation. Aplt. Br. 3. She also argues that prosecutorial misconduct deprived her of a fair trial. Id. We consider these arguments in turn and assume without deciding the timeliness of Ms. Franks's petition.

Ms. Franks first argues that counsel failed to object to several incorrect jury instructions and that the district court's decision to apply anticipatory procedural bar to this claim was error. As noted by the district court, this claim was never raised before the Oklahoma courts (either on direct appeal or on post-conviction) and is unexhausted. Franks, 2010 WL 2632022, at *1. The district court also determined that Ms. Franks could not show cause or prejudice or a fundamental miscarriage of justice. Id. at *3.

Ms. Franks argues that this obvious procedural bar should be excused because she had the same counsel on direct appeal and at trial. See Welch v.

Workman, 607 F.3d 674, 704 (10th Cir. 2010) ("The Oklahoma requirement that a claim of ineffective assistance of trial counsel be raised on direct appeal is an adequate ground for procedural default if (1) the defendant's counsel on direct appeal is different from trial counsel and (2) the claims can be resolved on the trial record alone."); English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998). Even assuming that her jury instruction claims could not be resolved on the trial record alone (excusing the procedural bar on direct appeal), these jury instruction claims are procedurally barred because they were not raised in the first post-conviction application. Okla. Stat. tit. 22, § 1086; Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998). Although Ms. Franks argues that presenting these claims would have been futile, our precedent is clear that such ineffectiveness claims must be presented to the OCCA in the first post-conviction application before presenting them in federal court. Cargle v. Mullin, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003). The district court's resolution of this claim is not reasonably debatable.

Ms. Franks also argues that counsel was ineffective for failing to investigate by not interviewing Mr. Scholz prior to trial. She suggests that this prejudiced her defense because Mr. Scholz later recanted his testimony. The magistrate judge rejected this claim on the basis that Ms. Franks could not demonstrate prejudice, i.e. "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 694 (1984). We note that the OCCA reached a similar conclusion on post-conviction, albeit in the context of rejecting Ms. Franks's claim that her counsel was ineffective due to a conflict of interest. 1 R. 431 ("Petitioner has not established [that] her trial and appellate counsel was ineffective in handling the co-defendant, or that based on the results of the evidentiary hearing the outcome of her trial and appeal would have been different."). The OCCA also rejected the recantation as unsupported by any credible evidence. Id. ("[N]o evidence was presented that supported the affidavit of the co-defendant."). Whether on the merits or a result of deference paid to state court resolution of claims and findings of fact, 28 U.S.C. § 2254(d) & (e), this claim is not reasonably debatable.

Nor is Ms. Franks's argument concerning prosecutorial misconduct. Ms. Franks contends that the prosecutor's statement, "There is enough evidence here from her own words to convict her without Joe Scholz. But we wanted you to have everything," constitutes prosecutorial misconduct and deprived her of a fair trial. The OCCA rejected a larger prosecutorial misconduct claim on the basis of no plain error. 1 R. 117, 203-04. We agree with the magistrate judge that given our deferential standard of review, the OCCA's conclusion on this record is not reasonably debatable, particularly given the context of the statement and the strength of the evidence against Ms. Franks. See Douglas v. Workman, 560 F.3d 1156, 1177-78 (10th Cir. 2009) (per curiam) (analyzing state court plain error

rejection of prosecutorial misconduct claim).

We DENY a COA and IFP status and dismiss the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge