**UNITED STATES COURT OF APPEALS**

**January 19, 2016**

**TENTH CIRCUIT**

JERRY L. CHASE,

         Petitioner - Appellant,

v.

RANDY LIND, Warden, Arkansas
Valley Correctional Facility;
CYNTHIA H. COFFMAN, Attorney
General, State of Colorado,

         Respondents - Appellees.

No. 15-1304
(D.C. No. 1:14-CV-01650-MJW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

Proceeding *pro se*, Jerry L. Chase seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Chase has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

A Colorado jury convicted Chase of three counts of felony stalking. He was sentenced to three consecutive four-year terms of imprisonment. The Colorado Court of Appeals affirmed Chase's convictions and sentence. The Colorado Supreme Court denied Chase's petition for a writ of certiorari.

Chase filed the instant § 2254 habeas petition on June 12, 2014, raising four claims of error. The district court[1] addressed the claims in two separate orders. In the first order, the court dismissed Chase's claims relating to his allegation the trial court failed to respond directly to a jury question. The court concluded those claims were procedurally defaulted and Chase failed to show cause for the default and actual prejudice or, alternatively, demonstrate that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). Based on Chase's stipulation, the district court also dismissed Chase's equal protection claim relating to his as-applied challenge to the Colorado statute criminalizing stalking.

In a separate order, the district court addressed Chase's remaining claims: (1) a due process challenge to the sufficiency of the evidence, (2) a due process challenge to the subject matter jurisdiction of the trial court, and (3) a First Amendment challenge to the Colorado stalking statute. Applying the standard set

_____

[1]The parties consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c).

forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court denied Chase relief on these claims. It concluded Chase failed to demonstrate the Colorado court's adjudication of the claims was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

Chase does not seek a COA on the claims dismissed in the district court's first order, dated May 8, 2015. As to the claims addressed on the merits by the district court in its July 23, 2015 order, this court cannot grant Chase a COA unless he can demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Chase has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Chase is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Chase's application for a COA and appellate brief, the district court's orders, and the entire record on appeal pursuant to the

framework set out by the Supreme Court in *Miller-El*. That review clearly demonstrates the district court's resolution of the three claims on which Chase seeks a COA is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Chase has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Chase's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge