**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 12 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

BOBBY DON WARDEN,

     Petitioner - Appellant,

vs.

JAMES L. SAFFLE, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

     Respondents - Appellees.

No. 01-6122
(D.C. No. CIV-00-1393-T)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

     Petitioner Bobby Don Warden, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Warden has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss the appeal.

Mr. Warden was convicted of unlawful distribution of methamphetamine after former conviction of a felony and sentenced to forty years imprisonment and directed to pay a $20,000 fine. His conviction and sentence were affirmed on direct appeal. He then sought state post-conviction relief. The state district court denied relief, and that denial was affirmed on appeal.

In his federal petition, Mr. Warden raised four issues: (1) ineffective assistance of trial counsel, (2) ineffective assistance of counsel on direct appeal, (3) denial of confrontation rights as to an informant (Mr. Bearden), and (4) improper sentence enhancement. Aplt. Br. at Ex. A. Mr. Warden's two claims of ineffective assistance of counsel can each be further broken down into (a) failure to call witnesses at trial or to appeal that failure, (b) failure to raise the confrontation issue, and (c) failure to raise the denial of his Sixth Amendment right to compulsory process. Id.

We have reviewed the record. As to those claims resolved on the merits by the Oklahoma Court of Criminal Appeals (OCCA) either on direct appeal or on post-conviction appeal, Mr. Warden has not demonstrated that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404 (2000)(opinion of O'Connor, J). Those claims include ineffective assistance of trial or appellate counsel based upon a failure to call witnesses, denial of the right to confront the informant, and the ostensible denial of Mr. Warden's Sixth Amendment right to compulsory process. We agree with the conclusions of the magistrate judge and the district court that Mr. Warden has not demonstrated deficient performance or prejudice based on these claimed omissions, or any others discussed by the magistrate judge and the district court. We note that the statement of the magistrate judge that Mr. Warden was required to "show that no reasonable trier of fact would have found him guilty if they would have heard the testimony of the omitted witnesses," R. Doc. 15 at 6, is incorrect; Mr. Warden need only demonstrate a reasonable probability that the outcome of the proceeding would be different. See Strickland v. Washington, 466 U.S. 686, 687, 697 (1984). Mr. Warden has not made such a showing of prejudice, however.

We also agree with the magistrate judge and the district court that Mr. Warden's remaining claims are procedurally barred because they could have been raised upon direct appeal, but were not. These claims include: (1)(b) ineffective assistance of trial counsel based on counsel's failure to raise a denial of confrontation, (1)(c) trial counsel's denial of Mr. Warden's Sixth Amendment right to compulsory process, (3) denial of confrontation, and (4) improper

enhancement of sentence. The OCCA held that all of these issues could have been raised during Mr. Warden's direct appeal and were, therefore, procedurally barred from review in his post-conviction proceedings. The general rule is that this court "does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). There is an exception to the general rule for claims of ineffective assistance of counsel barred by state procedural grounds unless the defendant "had different attorneys at trial and on direct appeal and his ineffective assistance claim could have been reviewed from the trial record alone." James v. Gibson, 211 F.3d 543, 556 (10th Cir. 2000). In this case, Mr. Warden did have different counsel at trial and on direct appeal, and Mr. Warden's ineffective assistance of counsel at trial claims could have been reviewed from the trial record alone. The standard for all of the procedurally barred claims is, therefore, "cause and prejudice" or "fundamental miscarriage of justice." English, 146 F.3d at 1259. We agree with the magistrate judge and district court that Mr. Warden has not met either of these standards as to any of the barred claims for substantially the same reasons set forth in the magistrate judge's report and recommendation. Doc. 15 at 13-21(cause and prejudice); Doc. 15 at 21 (fundamental miscarriage of justice).

We DENY Mr. Warden's requests for a COA and IFP and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge