**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER PLOUSE,

        Petitioner-Appellant,

v.

GEORGE TAPIA,

        Respondent-Appellee.

No. 06-2315

District of New Mexico

(D.C. No. CIV-04-1066-JH/DJS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Christopher Plouse, a state prisoner, seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Plouse has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. *Id*. § 2253(c)(2).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10ᵗʰ Circ. R. 32.1.

## Background

On March 27, 1999, Christopher Plouse attempted to escape from the Southern New Mexico Correctional Facility, where he was being incarcerated for two prior second-degree murder convictions. Mr. Plouse smuggled a large rock into his cell and, with the aid of fellow inmate Randall Reynolds, used it to hammer through the cell wall. After the inmates made their way through the prison ventilation system, guards apprehended them in the prison yard. At trial Mr. Plouse presented a duress defense, claiming that he was unsafe at the Southern New Mexico Correctional Facility and that he and Mr. Reynolds attempted to escape in order to then turn themselves into the proper authorities. A jury subsequently convicted Mr. Plouse of escape from a penitentiary.

Mr. Plouse raises three claims in his federal habeas petition: (1) that he was denied effective assistance of trial counsel, (2) that his right to a speedy trial was violated, and (3) that he was denied his right to material exculpatory evidence. The district court denied relief, adopting a magistrate judge's findings that Mr. Plouse has not shown that the state court arrived at a conclusion inconsistent with that reached by the Supreme Court on a question of law; or unreasonably applied the governing legal principle to the facts of the case. *See Elliot v. Williams*, 248 F.3d 1205, 1207 (10th Cir. 2001).

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. *Id.* § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

### A. Ineffective Assistance of Counsel

Mr. Plouse first contends that his trial counsel was constitutionally deficient. To prove ineffectiveness of counsel Mr. Plouse must show that counsel's performance was both ineffective and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When we analyze strategic decisions there is a deference to the professional judgment of the attorney. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). *See generally Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). If counsel performs below an objective standard of reasonableness, then we ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

-3-

Mr. Plouse argues that counsel failed to conduct adequate pre-trial investigation–in particular, that trial counsel did not investigate any witnesses, documents, or evidence that would have corroborated Mr. Plouse's testimony. Mr. Plouse fails to show, however, that any further investigation would have altered the outcome of the trial. Mr. Plouse had the opportunity to cross-examine prison officials about conditions inside the facility as well as to elicit information on prison gangs and violence. The defendant also testified to the conditions of his confinement, and under cross-examination explained that he had refused protective custody in lieu of attempting to escape. There is no evidence that further investigation would have altered the outcome of the trial, and no specific witness or document was excluded that would have made counsel's actions prejudicial.

The failure to call an expert witness likewise was not prejudicial or deficient. In this case it is unclear how additional testimony from an expert witness stating that Mr. Plouse was in danger would benefit him, as he had testified that he opted against protective custody and other witnesses testified that he had a rather extensive history of escape attempts. As the Supreme Court has observed, "counsel . . . may disserve the interests of his client by attempting a useless charade." *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984). Mr. Plouse's counsel may well have thought that expert testimony was exactly that. This Court is not in the position to second-guess strategic trial decisions.

-4-

Mr. Plouse also argues that his Sixth Amendment rights were violated when, more than halfway through his two-day trial, Mr. Plouse–against the advice of his counsel and the court–elected to proceed *pro se*. Mr. Plouse claims that the court, in granting his request, caused counsel for Mr. Plouse to be "totally absent . . . during a critical stage." *Id.* at 659 n.25. This is a new argument, which this Court generally does not consider on appeal. *See Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997). But even if we did consider it, the fact that Mr. Plouse dismissed his counsel and chose to complete the trial *pro se* against the advice of the trial court and after extensive warnings as to the dangers of *pro se* litigation destroys the base from which this argument builds. If the court determines that the request is knowing and voluntary, and "the defendant still elects to proceed *pro se*, [then] the court must permit him to do so." *United States v. Peppers*, 302 F.3d 120, 133 (10th Cir. 2002). Any abandonment by counsel during a critical stage was completely of Mr. Plouse's own doing.

### B. Right to a Speedy Trial

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court outlined four factors for determining whether a defendant has been deprived of his right to a speedy trial: (1) length of the delay, (2) the reason for the delay, (3) the extent to which the defendant asserted his speedy trial rights, and (4) prejudice to the defendant. *Id*. at 530–32.

The New Mexico court, after allowing that the twenty-one months that passed between arraignment and trial was presumptively prejudicial, balanced these factors and concluded that the defendant's right to a speedy trial was not violated. We agree. Prior defense counsel had requested thirteen months of delay, and the first proven instance of the defendant asserting his right to a speedy trial occurred just two months before the trial began. *See id.* at 531. Because the defendant was already a state prisoner, the possible prejudice of prolonged confinement prior to trial was low. *See id.* at 532. We conclude that Mr. Plouse's right to a speedy trial was not violated.

### C. Denial of Right to Materially Exculpatory Evidence

Third and finally, Mr. Plouse argues that the prosecution withheld exculpatory evidence, including a security group threat manual and photographs. We agree with the district court that because Mr. Plouse failed to make a *Brady* objection at trial about the evidence in question, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963), his claim is procedurally barred. "On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) (citing *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)). Because requiring a defendant to make a *Brady* objection at

trial is an independent and adequate state remedy, the district court properly denied relief on the grounds that the claim was not properly preserved.

Mr. Plouse also argues that counsel was ineffective in failing to make the requisite *Brady* objection. We disagree. The trial court determined that the prosecution turned over all existing, applicable evidence. Counsel for Mr. Plouse already had the security threat group manual in his possession when the trial began, and there is no indication that any other missing evidence existed. While Mr. Plouse asserts that photographs, administrative segregation forms, and other documents would have corroborated his claims that he tried to escape out of duress, he cannot show that any of these documents actually existed in the first place. Because there was no reason for trial counsel to object, he was not ineffective for failing to do so.

## Conclusion

We **DENY** Mr. Plouse's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge