**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MERCE R. BAROCIO,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 07-7025
(D.C. No. CIV-04-126-RAW)
(E.D. Okla.)

ORDER DENYING A CERTIFICATE OF
APPEALABILITY

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Merce R. Barocio, a state prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the district court's denial of his § 2254 habeas

petition. In challenging his state court conviction, Barocio claims that evidence

used against him was obtained in violation of the Fourth Amendment, that the

prosecutor failed to perform a plea agreement, and that his counsel was

ineffective. We **DENY** the application for a COA.

On May 20, 1999, the Choctaw County Sheriff's Office received

information that Barocio was making methamphetamine at the home of his aunt.

When officers approached the house, they smelled a strong chemical odor

associated with methamphetamine and observed Barocio running out the back door. Barocio was apprehended, and a search of the home revealed a methamphetamine laboratory. Officers found Barocio's fingerprints on several items in the laboratory. At Barocio's trial, a witness testified that she had purchased methamphetamine-production supplies with Barocio, and returned with him to his aunt's house to make the drugs. On November 6, 2001, Barocio was found guilty of manufacturing methamphetamine in violation of Okla. Stat. tit. 63, § 2-401(F), and sentenced to 25 years' imprisonment. On direct appeal, Barocio challenged the admission of evidence from the search, claimed the prosecutor failed to perform a plea agreement, and alleged cumulative error. After that appeal was denied, Barocio sought post-conviction relief in state court, alleging ineffective assistance of counsel and cumulative error. The district court denied Barocio's petition, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. While his state petition was pending, Barocio filed the present habeas petition in federal district court. Adopting the magistrate judge's recommendation, the district court dismissed his petition. He now seeks a COA from this court to appeal that decision.[1]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Barocio must show

---

[1] Because the district court did not address the issue of a COA, it is deemed denied. See 10th Cir. R. 22.1(C). Consequently, Barocio may not appeal the district court's decision absent a grant of a COA by this court.

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Moreover, because Barocio raised these claims in his state court proceedings, a grant of habeas may only issue if those proceedings resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Barocio first asserts that his Fourth Amendment rights were violated when evidence was introduced against him at trial that was obtained from an illegal search of his aunt's home. State prisoners are not entitled to federal habeas relief for alleged violations of the Fourth Amendment exclusionary rule "where the State has provided an opportunity for full and fair litigation of the Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976). Barocio challenged the admission of the evidence at a preliminary hearing, in two written suppression motions, at trial, and again on direct appeal. The OCCA determined that Barocio lacked standing to challenge the search. Barocio had ample opportunities to litigate his claim in state court, and is not entitled to habeas relief on this ground.

Next, Barocio claims that he made an oral agreement with an assistant district attorney to identify certain individuals in exchange for dismissing his case without prejudice or continuing it indefinitely. He contends that although he named two drug traffickers, the district attorney's office did not perform its end of the bargain. After conducting a hearing on Barocio's motion to enforce the agreement, the trial court found that there was no agreement and, alternatively, that Barocio had failed to show compliance with the alleged agreement. Barocio has offered no evidence to call into question the trial court's determination, and on review of the record, we determine that the trial court's conclusions were reasonable. Accordingly, Barocio has failed to allege a ground upon which relief can be granted.

Barocio raises several claims regarding the quality of his representation, specifically that: (1) Trial counsel was ineffective; (2) Trial counsel had a conflict of interest; and (3) Appellate counsel was ineffective. His claims of ineffective assistance of trial counsel and conflict of interest were first raised in his application for post-conviction relief. Because Barocio failed to raise these claims on direct appeal, the OCCA concluded that, under Oklahoma law, they were waived. See Okla. Stat. tit. 22, § 1086. Claims that are procedurally defaulted in state court are generally barred on habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). However, when a state procedural rule would bar a claim of ineffective assistance of trial counsel, we will only apply

this bar if trial and appellate counsel were different, and the ineffectiveness claim can be resolved on the trial record. English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998). In this case, Barocio had separate trial and appellate counsel, and after careful review of the record, we conclude it is sufficient to resolve his claim. Thus Barocio's claims are barred, absent a showing of cause and actual prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Because Barocio has not met either standard, we determine that his claim of ineffective assistance of trial counsel is barred.

Barocio has also failed to establish an actual conflict of interest with respect to his trial counsel. Because Barocio raised this claim for the first time on collateral attack, he "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). "An actual conflict of interest exists only if counsel was forced to make choices advancing interests to the detriment of his client." Workman v. Mullin, 342 F.3d 1100, 1107 (10th Cir. 2003) (quotation and alteration omitted). Barocio's claim amounts to an allegation that his counsel had some tangential prior contact with his family members, and in no way establishes a present conflict requiring counsel to choose between Barocio's interests and another's.

In addition, Barocio claims that in his direct appeal, his appellate counsel was ineffective in failing to raise the issue of the ineffectiveness of trial counsel. Applying the test in Strickland v. Washington, 466 U.S. 668, 687 (1984), the

OCCA concluded that Barocio failed to show trial counsel's deficiency. Appellate counsel's failure to raise an issue does not constitute ineffective assistance if the issue itself is meritless. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). We agree with the OCCA, and determine that Barocio has failed to demonstrate that appellate counsel was ineffective.

Finally, Barocio asserts that the cumulative effect of all alleged errors deprived him of his right to a fair trial. However, because he has failed to show any error in his case, there is no cumulative error. See Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors." (quotation and citation omitted)).

Because Barocio has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we **DENY** his application for a COA.

<div style="margin-left:50%">

Entered for the Court
Elisabeth A. Shumaker, Clerk


By:
    Deputy Clerk

</div>