FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENDELL CHARLES JONES,

　　　　Petitioner-Appellant,

v.

MICHAEL K. ADDISON, Warden,

　　　　Respondent-Appellee.

No. 10-6015
(D.C. No. 5:09-CV-00299-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

　　　Kendell Jones, a prisoner of the state of Oklahoma, seeks a Certificate of

Appealability (COA) in order to appeal the district court's dismissal of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.  Jones is serving a 100-year sentence after

being convicted of one count of second degree rape by instrument and two counts of

burglary under Oklahoma law.  His conviction and sentence were affirmed by the courts

of Oklahoma on direct appeal, and his requests for state post-conviction relief were

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied. He filed his § 2254 petition on March 20, 2009, and the magistrate judge filed a Report & Recommendation (R&R) recommending dismissal on December 8, 2009. Jones did not file an objection to the R&R, and on January 4, 2010, the district court adopted the R&R and dismissed the petition. Further, the district court denied Jones' motions for a COA and to proceed on appeal in forma pauperis. Jones filed motions for a COA and to proceed in forma pauperis with this Court, and we DENY those motions.

Under 28 U.S.C. § 2253(c)(1)(A), Jones may only obtain review of the district court's dismissal of his § 2254 petition if this court elects to grant a COA. He may be granted a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Jones can make out such a showing by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" where the district court ruled on the merits of his claims. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

We can discern two reasons for denying Jones' request for a COA in this case. First, he waived his right to appeal by failing to object to the magistrate judge's R&R before the district court. Second, the R&R correctly rejected Jones' claims as

2

procedurally barred. We address both grounds here, though either is sufficient to deny a COA.

**Waiver**

In this circuit, a party who fails to file a timely objection to a magistrate judge's Report & Recommendation in the district court waives appellate review of both factual and legal questions. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply where "(1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005).

Jones did not object to the R&R before the district court, and as the R&R itself informs Jones of the need to do so and the consequences of a failure to object (R&R at 18), we must assume that Jones was aware of the requirement. Therefore, we may excuse Jones' failure to object only if to do so is in the interests of justice. Jones claims that he failed to object because he "is in disciplinary segregation, and was unable to adequately reply to the R&R," but that he did not intend to waive his appeal rights and he "had not the materials with which to respond." (Reply to Show Cause Order.) Jones' response does not clearly indicate whether he was in segregation at the time he received the R&R, however, and he does not assert that, while in segregation, he was denied his legal mail or writing materials to prepare a response. Therefore, we are not inclined to excuse his

failure to object in the interests of justice. We will instead apply our firm waiver rule and hold that Jones waived his right to appeal by failing to object to the R&R.

**Procedural Bar**

Alternatively, we would also deny a COA on the grounds of procedural bar, as analyzed in the R&R. Jones urges two arguments for why he should be granted a COA: (1) he received constitutionally ineffective assistance of counsel when his trial counsel failed to request an instruction for the lesser-included offense of sexual battery; and (2) that his counsel was ineffective when he failed to challenge the sufficiency of the state's evidence on the rape charge. However, in his initial § 2254 petition in the district court, Jones did not raise the sufficiency of the evidence issue. (See R. vol. I at 20-21 [Raising lesser-included-offense issue but not arguing that the evidence was insufficient].) We will ordinarily not consider arguments raised for the first time on appeal. Fairchild v. Workman, 579 F.3d 1134, 1144 (10th Cir. 2009). Therefore, we will address only the lesser-included-offense argument.

First, the R&R observed that Jones raised this argument for the first time during post-conviction proceedings in the Oklahoma courts, and that those courts held the argument procedurally barred under Okla. Stat. tit. 22, § 1086, which generally forbids litigants in post-conviction proceedings from raising new arguments not raised on direct appeal. The magistrate judge, citing Tenth Circuit precedent, noted that this statute is an independent and adequate state procedural bar to claims of ineffective assistance of trial

4

counsel.  See English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998).  We agree, and reject the argument for this reason.

Additionally, however, as the R&R observed, Jones also argues that this issue should have been raised on appeal, and claims of ineffective assistance of appellate counsel based on the omission of an issue should be evaluated on the merits.  Hain v. Gibson, 287 F.3d 1224, 1231 (10th Cir. 2002).  On ineffective assistance of appellate counsel, we adopt the R&R's reasoning for rejecting the claim.  As the magistrate judge observed in the R&R, the evidence of Jones' guilt was substantial, and "no rational jury could have acquitted [Jones] of the greater offense of rape by penetration" and convicted on the lesser offense of sexual battery.  (R&R at 17.)  We agree, and thus hold that appellate counsel's performance was not ineffective on this basis.

Therefore, we DENY Jones' request for a COA and DENY his motion to proceed in forma pauperis.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


5