FILED
United States Court of Appeals
Tenth Circuit

October 7, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FRANKLIN L. GIBBS,

     Petitioner - Appellant,

v.

WALTER DINWIDDIE,

     Respondent - Appellee.

No. 10-7055
(E.D. Okla.)
(D.C. No. 6:09-CV-00427-FHS-KEW)

ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Franklin L. Gibbs, an Oklahoma state prisoner appearing pro se[1] and *in forma pauperis*, wants to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Because he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a Certificate of Appealability (COA).

## I. BACKGROUND

After fatally shooting his girlfriend, Gibbs was convicted in Oklahoma state court

---

[1] We liberally construe Gibbs' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

of first degree murder (Count I) and felon in possession of a firearm after two or more prior felony convictions (Count II). He was sentenced to life imprisonment without parole on Count I and life imprisonment with the possibility of parole on Count II. The Oklahoma Court of Criminal Appeals (OCCA) affirmed on direct appeal. Gibbs filed a petition for state post-conviction relief. The trial court denied the petition and the OCCA affirmed.

Gibbs filed a § 2254 habeas corpus petition in federal court alleging the evidence was insufficient to support his convictions, there is newly discovered evidence that was withheld by the State and the state courts improperly failed to adjudicate the merits of his claims. The district court denied relief. It determined the evidence was sufficient to support his convictions under *Jackson v. Virginia*, 443 U.S. 307 (1979),[2] and therefore the OCCA's rejection of his insufficiency of the evidence claim on direct appeal was not contrary to nor an unreasonable application of clearly established law under 28 U.S.C. § 2254(d). It also concluded the OCCA had correctly determined there was no newly discovered evidence and even if there was, Gibbs failed to establish "cause or prejudice" for failing to bring this claim on direct appeal or that failure to review this claim would result in a fundamental miscarriage of justice.[3] The district court denied Gibbs'

---

[2] Sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319.

[3] "On habeas review, this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v.*

subsequent request for a COA.

## II.  DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

We have carefully reviewed the record, the district court's order and Gibbs' application for a COA and proposed opening brief.  Because we conclude no jurist of reason could debate the correctness of the district court's decision, we **DENY** Gibbs'

*Cody*, 146 F.3d 1257, 1259 (10th Cir.1998).

request for a COA and **DISMISS** this nascent appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
