FILED
United States Court of Appeals
Tenth Circuit

October 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMIAH D. JAMIESON,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director,

        Respondent-Appellee.

No. 11-6139
(D.C. No. 5:10-cv-01176-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Jeremiah Jamieson is a prisoner in the custody of the State of Oklahoma.

Proceeding pro se,[1] he seeks a Certificate of Appealability ("COA") to appeal the

district court's denial of his 28 U.S.C § 2254 petition for a writ of habeas corpus.

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Jamieson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

We deny his request for a COA and dismiss this appeal.

## I. Background

Mr. Jamieson was charged with first degree murder in Oklahoma state court on March 30, 2007. Mr. Jamieson entered a "blind" plea of guilty to the charge in 2008. At the plea hearing, "[t]he record demonstrates that [he] was advised of and admitted that he understood the rights he was waiving by entering the plea and the possible punishment for his offense." R., Vol. 1, at 370 (Magistrate Judge's Report and Recommendation, dated Apr. 5, 2011). Mr. Jamieson was sentenced on April 3, 2008, to a term of imprisonment of life with the possibility of parole, effectively requiring him to serve slightly over thirty-eight years before becoming eligible for parole consideration.

In April 2008, he filed a motion seeking to withdraw his plea of guilty on the grounds that it was not entered knowingly and voluntarily because he assumed, based upon his attorney's alleged representations, that he would be given, at the most, a fifteen-year sentence due to the court's lenient treatment of another defendant in a similar case. The court denied Mr. Jamieson's motion to withdraw, and he filed a petition for a writ of certiorari with the Oklahoma Court of Criminal Appeals ("OCCA"), raising the ground again that his plea was not made knowingly and voluntarily. The OCCA denied his petition, finding that his plea was "knowing, intelligent and voluntary." R., Vol. 1, at 44 (Summ. Op. Den. Cert., filed Apr. 15, 2009).

On January 28, 2010, Mr. Jamieson filed an application for post-conviction relief in the District Court of Garfield County, Oklahoma, raising various grounds of ineffective assistance of trial and appellate counsel. The court denied the application summarily. After an appeal, however, the OCCA remanded the matter, ordering the district court to conduct a more detailed examination of Mr. Jamieson's claims of ineffective assistance of appellate counsel. After a hearing was held, his remaining claims were dismissed. The dismissal was affirmed on appeal.

On November 1, 2010, Mr. Jamieson filed a federal habeas petition, raising nine grounds of error, some of which are duplicative. In grounds one and two, Mr. Jamieson claims that he was denied effective assistance of trial and appellate counsel because his attorneys failed to properly research and present his motion to suppress statements he gave to investigators.

In grounds three and four, he contends that he was denied effective assistance of trial and appellate counsel in that his trial attorneys failed to properly advise him that he was eligible only for a mandatory minimum sentence of life with parole on his blind plea, and because his appellate counsel failed to raise this claim on appeal.

Ground five states a claim of ineffective assistance of trial and appellate counsel on the grounds both that Mr. Jamieson's trial attorneys failed to pursue a defense to the charge by attacking the reliability of the State's eyewitness

testimony and that his appellate attorney failed to assert the latter claim in his certiorari appeal.

In ground six, he claims that his plea was not entered into knowingly and voluntarily because the judge who presided did not appropriately and *clearly* advise him that the minimum sentence he could receive was life with parole. Also, he claims that he was denied effective assistance of appellate counsel because the claim was not raised in his certiorari appeal.

In ground seven, Mr. Jamieson claims that he was denied effective assistance of trial and appellate counsel inasmuch as trial counsel did not solicit the testimony of his father and sister in support of his claim to withdraw his plea, and because his appellate counsel failed to raise this claim in his certiorari appeal. In ground eight, he contends that he was denied effective assistance of appellate counsel because his appellate attorney "failed to assert the claims of ineffective assistance of trial counsel urged . . . in grounds three, four, and seven," and failed to obtain evidence from his father and sister in order to support his claims in the certiorari appeal.  R., Vol. 1, at 374.

Finally, in ground nine, he contends that he was not provided reasonable notice of the District Court of Garfield County's decision to grant an evidentiary hearing on his claims, and was therefore unable to properly present evidence in support of his petition at the hearing.

The magistrate judge rejected Mr. Jamieson's claims and recommended that

-4-

the petition be denied. The district court adopted the Report and Recommendation in full and denied Mr. Jamieson's request for a COA. Mr. Jamieson timely filed a notice of appeal.

## II. Discussion

We lack jurisdiction to consider the merits of a habeas appeal unless a petitioner obtains a COA. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Further, where the district court denies a petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The magistrate judge, in a thorough Report and Recommendation, reasoned that the district court should reject Mr. Jamieson's claims—in grounds three, four, and six—that his plea was entered into involuntarily and unintelligently because his plea colloquy established both that no promises or guarantees were made to him in terms of his sentence and that he was given all pertinent information relevant to the minimum sentence he would receive under his plea. The magistrate judge next concluded that the "OCCA determined [that Mr. Jamieson's] Sixth Amendment claims of ineffective assistance of trial counsel

-5-

were procedurally barred for purposes of post-conviction review due to [his] failure to show cause for not raising the claims in his certiorari appeal."[2]  R., Vol. 1, at 383.  The magistrate judge found that Mr. Jamieson could not show "cause" and "prejudice" to excuse his procedural default in that his trial and appellate attorneys' decisions were not unreasonable, and in any event, that Mr. Jamieson could not show that he would not have pleaded guilty if the alleged errors were not made (i.e., Mr. Jamieson could not make an adequate showing of prejudice).

Finally, the magistrate judge construed Mr. Jamieson's claim in ground nine as a request for a hearing in federal court.  The magistrate judge found that such a hearing was not warranted because Mr. Jamieson "had multiple opportunities to present the factual bases for his claims" and they could be "resolved on the basis of the record."  R., Vol. 1, at 398.  After reviewing the Report and Recommendation, Mr. Jamieson's objections, and the rest of the record, the district court concurred with the magistrate judge's determinations and adopted the Report and Recommendation in its entirety.  It then denied Mr.

---

[2]  The Report and Recommendation notes that, under Okla. Stat. tit. 22, § 1089(C), ineffectiveness claims that could have been raised on direct appeal, but were not, are waived.  The magistrate judge applied our inquiry regarding the adequacy of Oklahoma's procedural bar rule—namely, the rule will apply where "trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." *Snow v. Sirmons*, 474 F.3d 693, 726 n.35 (10th Cir. 2007) (quoting *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998)).

Jamieson's request for a COA and dismissed his petition. Mr. Jamieson timely filed a notice of appeal.

Having reviewed the record and Mr. Jamieson's petition, we conclude that jurists of reason could not disagree with the magistrate judge's resolution of his claim or with the district court's adoption of that resolution.[3] Therefore, his request for a COA must be rejected.

## III. Conclusion

For substantially the same reasons articulated by the magistrate judge and adopted by the district court, we **DENY** Mr. Jamieson's request for a COA and **DISMISS** this appeal.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[3] With regard to Mr. Jamieson's ninth ground for relief, we note that insofar as Mr. Jamieson sought to place before the district court in a hearing evidence that was not before the state court (i.e., evidence that was not part of the state court record)—in addition to the sound rationale for rejecting this ground articulated by the magistrate judge, and adopted by the district court, which pertained to the factual circumstances of this case—*as a matter of law*, the Supreme Court has recently foreclosed the possibility of relief on such a claim. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (holding that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").