**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DOUGLAS EDWARD BRUCE,

    Petitioner - Appellant,

v.

MARIANNE CLEMENTI, Probation
Officer; STATE OF COLORADO; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 17-1250
(D.C. No. 1:15-CV-01653-REB)
(D. Colo.)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Douglas Edward Bruce, proceeding pro se, seeks a certificate of appealability

(COA) to appeal the denial of his application for relief under 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 habeas

petition). We deny a COA and dismiss this appeal.

I

A Colorado jury convicted Mr. Bruce of tax evasion, filing a false tax return,

attempting to influence a public servant, and failing to file a return or pay taxes. He

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to two consecutive 90-day prison terms on the first two convictions, and six years of probation on all counts, to run concurrently. On direct appeal the Colorado Court of Appeals (CCA) affirmed the convictions, and on federal habeas review the United States District Court for the District of Colorado denied relief in two separate orders.

The federal district court first dismissed 50 of 56 claims that Mr. Bruce raised in his amended § 2254 petition because they were procedurally barred. The court denied one of the six remaining claims on the merits and denied the others after concluding that the CCA's rejection of them was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts. The court also denied a COA.

## II

A COA is a jurisdictional prerequisite to our review. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, Mr. Bruce must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). If the petition was denied on procedural grounds, he must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

2

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Procedural Default & Exhaustion

Federal courts "do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (internal quotation marks omitted); *see Walker v. Martin*, 562 U.S. 307, 316 (2011) ("To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." (internal quotation marks omitted)); *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009).

In addition, a federal court will not grant a § 2254 applicant relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been fairly presented to the state court," meaning "the petitioner has raised the substance of the federal claim in state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (internal quotation marks omitted). When a claim has not been exhausted in state court, the federal court may dismiss the claim without prejudice to

3

allow the state court to address its merits. But if an applicant "failed to exhaust state remedies and the court to which the [applicant] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson,* 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted).

The district court dismissed the bulk of Mr. Bruce's claims under these doctrines. The problem was with the briefing to the CCA. Some of the claims were never presented to the CCA, and the district court determined that these unexhausted claims would now be rejected by the state courts as successive.

Other claims were "presented" to the CCA, but not in proper briefs. Mr. Bruce's attorney sought to file a brief that exceeded the CCA's 9,500-word limit. *See* Colo. R. App. P. 28(g)(1). After the CCA denied the request, counsel filed a brief that apparently complied with the CCA's word limit. Mr. Bruce, however, filed a pro se motion to reconsider, seeking to brief 54 additional claims. The CCA denied the motion, explaining that it does not consider pro se pleadings from counseled parties. Mr. Bruce's attorney then moved to amend the opening brief, listing the same 54 claims, but the CCA denied this request as well, citing its 9,500-word limit.

Mr. Bruce next filed a deficient pro se § 2254 application in federal court, followed by an amended application, which raised 56 claims. Many of these claims had been included in his rejected pro se motion to the CCA. The district court concluded that those claims were procedurally defaulted under state law.

4

Mr. Bruce contends that the CCA's procedural rules prevented him from adequately presenting his claims in state court. The district court's rejection of this contention was clearly correct. Rules against permitting represented parties from filing pro se briefs and rules setting word limits on briefs are almost-universal rules necessary for the proper functioning of appellate courts. The Colorado rules that prevented Mr. Bruce and his attorney from tacking on an additional 50-plus claims in an addendum to their brief are undoubtedly independent and adequate state grounds.

Further, in this court Mr. Bruce points to no prejudice suffered from this limitation on his argument in state court. And he has utterly failed to make the showing of actual innocence necessary to establish a fundamental miscarriage of justice that would excuse the procedural default. *See Schlup v. Delo,* 513 U.S. 298, 324 (1995) (requiring that innocence be supported by "new reliable evidence . . . that was not presented at trial").

### B. Merits

That left six claims for the district court to resolve. On five of the claims no reasonable jurist could debate the district court's conclusion that the CCA's decision was not contrary to, or an unreasonable application of, federal law, nor an unreasonable determination of the facts. Those claims by Mr. Bruce were (1) that his equal-protection rights were violated because he was criminally prosecuted when a civil remedy was available for the same conduct; (2) that he was denied due process because the prosecution impeached him on cross-examination based on his pretrial motion seeking to dismiss the charges on statute-of-limitations grounds; (3) that the

5

prosecution made personal attacks throughout the trial to inflame the passions of the jury by various means including the use of such words as *notorious*, *charlatan*, *outrageous*, *infamous*, and *diatribe*; (4) that the trial court improperly denied his request to present evidence of his good character from two Colorado congressmen in addition to the character evidence already presented from four other witnesses; and (5) that the trial court improperly denied him the right to conduct redirect of his own testimony.  The district court denied Mr. Bruce's final claim—that he was denied due process because the trial court openly sided against him by making derogatory remarks about his witnesses—on the merits.  The thorough opinion of the district court fully explains why Mr. Bruce is not entitled to relief on any of the six claims.

III

Because no reasonable jurist could debate the district court's denial of Mr. Bruce's § 2254 application, we deny a COA and dismiss the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge