**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN MICHAEL FAIRCHILD,

    Petitioner - Appellant,

v.

SHANE NELSON,

    Respondent - Appellee.

No. 19-4141
(D.C. No. 2:17-CV-01317-DN)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Steven Fairchild, a Utah prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition. For the reasons discussed below, we deny Fairchild's request and dismiss this matter.

Utah charged Fairchild with ten felonies, including one count of aggravated robbery and four counts of possession of a firearm by a restricted person. *State v. Fairchild*, 385 P.3d 696, 699 (Utah Ct. App. 2016). Prior to trial, the government

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Fairchild's pro se filings. But we will not act as his advocate or excuse his failure to follow procedural rules. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

moved to admit evidence that Fairchild was previously convicted of bank robbery. *Id.* The trial court denied the motion, determining that neither evidence of Fairchild's prior convictions nor his status as a parolee were admissible under the Utah Rules of Evidence. *Id.* But at trial, the jury heard that Fairchild was a parolee on at least three occasions: during opening statements, direct examination of Fairchild's parole officer, and closing statements. *Id.* at 700. Fairchild's trial counsel did not object to the opening or closing statements but did object to the parole officer's testimony. *Id.* Fairchild's counsel also moved for a mistrial after the parole officer's testimony, but the trial court denied the motion. *Id.*

The jury convicted Fairchild on all counts, and the trial court imposed consecutive sentences. *Id.* Fairchild then moved for a new trial, "arguing that the statements during trial that he was on parole violated the pretrial order and unfairly prejudiced him." *Id.* The trial court denied the motion for a new trial. *Id.*

Fairchild appealed to the Utah Court of Appeals (UCA), arguing that (1) the trial court erred in denying his motion for a new trial because "the multiple references to his status as a parolee violated the trial court's pretrial order and his rights to due process, the presumption of innocence, and a fair trial"; (2) his trial counsel provided ineffective assistance of counsel (IAC) by "failing to object to" various references to his parolee status; and (3) his sentence violated Utah law and the Eighth Amendment. *Id.* at 701, 702 n.6. Regarding his first and second claims, Fairchild argued in his reply brief that "the State bears the burden of demonstrating that the improperly elicited testimony was harmless beyond a reasonable doubt." R.

272 (quoting *State v. Morrison*, 937 P.2d 1293, 1296 (Utah Ct. App. 1997)); *see also*

*Chapman v. California*, 386 U.S. 18, 24, 26 (1967) (holding that to be harmless,

constitutional errors must be harmless beyond reasonable doubt; placing burden of

proving such harmlessness on state).

The UCA determined that the trial court erred in permitting the elicited

testimony. *Fairchild*, 385 P.3d at 701. But it found that the error was harmless

because it was "sufficiently inconsequential [such that] there is no reasonable

likelihood that the error affected the outcome of the proceedings." *Id.* (quoting *State*

*v. Verde*, 770 P.2d 116, 120 (Utah 1989)). Thus, the UCA implicitly declined to

apply the *Chapman* harmless-error standard that Fairchild advanced in his reply brief.

And because it found the error to be harmless under the standard it did apply, the

UCA also found that (1) the trial court did not abuse its discretion in denying

Fairchild's motion for a new trial and (2) his trial counsel was not ineffective in

failing to object to references to Fairchild's parolee status. *Id.* at 702 n.6, 703.

Fairchild filed a petition for certiorari to the Utah Supreme Court, arguing that

the UCA erred in refusing to apply the *Chapman* harmless-error standard and that,

under the correct standard, the trial court's error was not harmless. The Utah

Supreme Court denied his petition. *State v. Fairchild*, 390 P.3d 724 (Utah 2017).

Fairchild then filed a petition for habeas relief in federal district court, arguing

that (1) the UCA violated his state and federal constitutional rights to due process, a

fair trial, and the presumption of innocence by not applying the *Chapman* harmless-

error standard (*Chapman* claim); (2) the trial court committed plain error by

3

permitting introduction of evidence of his parolee status (evidence claim); (3) his trial counsel was ineffective in failing to object to the references to his parolee status (IAC claim); and (4) the trial court violated Utah law and the Eighth Amendment by improperly imposing an unduly harsh sentence (sentencing claim).

The district court dismissed all four claims. First, it found that the entirety of the evidence claim and the Utah constitutional and statutory portions of the *Chapman* and sentencing claims were state-law claims that cannot be addressed in federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Next, it found that Fairchild procedurally defaulted "every asserted ground for relief" including, presumably, the federal portion of his sentencing and *Chapman* claims, as well as his IAC claim. R. 441. Finally, the district court determined that Fairchild demonstrated neither the cause and prejudice nor fundamental miscarriage of justice necessary to overcome this procedural default. *See English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).

Fairchild now seeks to appeal the district court's denial of his petition, arguing only that the district court erred in finding the federal portion of his *Chapman* claim and his IAC claim procedurally defaulted.[2] But before he can appeal, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). When a district court denies claims in a § 2254 petition on procedural grounds, as the district court did here, we will issue a COA

---

[2] Because Fairchild does not argue that the district court improperly dismissed the remainder of his claims, we do not consider the district court's disposition of those claims.

only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed below, we conclude that reasonable jurists could not debate "whether the district court was correct in its procedural ruling" and thus deny Fairchild's request for a COA. *Id.*

On appeal, Fairchild argues that he can overcome his procedural default because he can show cause and prejudice. *See English*, 146 F.3d at 1259 (noting that habeas petitioner can overcome procedural default by showing cause and prejudice). Specifically, he argues that his appellate counsel was ineffective by failing to preserve his trial IAC claim and his federal *Chapman* claim and that this appellate ineffectiveness caused the procedural default of those claims. It is true that "attorney error" can be "an objective external factor providing cause for excusing a procedural default." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). But Fairchild failed to advance an appellate IAC claim in his habeas petition. Indeed, the district court determined that the only cause-and-prejudice ground Fairchild "possibly argue[d]" is that his lack of legal resources caused his procedural default. R. 443. And "[w]e do not generally consider issues that were not raised before the district court as part of the habeas petition." *See Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013). Thus, we decline to consider whether Fairchild's newly advanced appellate

IAC claim serves as cause to excuse his procedural default.[3] Because reasonable jurists could not debate "whether the district court was correct in" finding that Fairchild could not show cause and prejudice to overcome his procedural default, we deny Fairchild's request for a COA. *Slack*, 529 U.S. at 484. As a final matter, we grant Fairchild's motion to proceed in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] For the same reason, we also decline to consider any argument stemming from Fairchild's allegation that he had the same counsel at trial and on appeal. *See Cannon v. Mullin*, 383 F.3d 1152, 1172–75 (10th Cir. 2004) (noting that to be "adequate" as procedural bar, state procedural rule must, in part, "allow[] petitioner an opportunity to consult with separate counsel on appeal in order to obtain an objective assessment of trial counsel's performance" (quoting *English*, 146 F.3d at 1259, 1263)), *abrogated in part on other grounds by Simpson v. Carpenter*, 912 F.3d 542 (10th Cir. 2018). On its face, this allegation appears to be untrue: the name of Fairchild's appellate counsel is different than his trial counsel's name, and although each one listed the same street address, they also listed different suite numbers at that address. But more importantly, Fairchild did not include any such allegation in his habeas petition below. We therefore decline to consider it here. *See Stouffer*, 738 F.3d at 1221 n.3.